**Sidney Lee HASSELL, Plaintiff,**

v.

**HARMON FOODS, INC., and Continental Coffee Company, Defendants.**

**No. C-70-289.**

United States District Court,
W. D. Tennessee, W. D.

March 11, 1971.

Phillip E. Kuhn, Finley, Stein, Kuhn & Sisson, Memphis, Tenn., for plaintiff.

John E. McKee, Memphis, Tenn., Victor G. Savikas, Friedman, Koven, Shapiro, Salzman, Koenigsberg, Specks & Homer, Chicago, Ill., for defendants.

## MEMORANDUM DECISION AND ORDER DISMISSING ACTION

BAILEY BROWN, Chief Judge.

Plaintiff, Sidney Lee Hassell, has brought an action under the Civil Rights Act of 1964 against Harmon Foods, Inc., which is a Tennessee corporation (whose corporate name now is actually Continental Coffee Company of Tennessee, Inc.) and which has its only place of business at Memphis, and against Continental Coffee Company, which is a Delaware corporation with principal place of business at Chicago. Plaintiff alleges that, as a Negro employee of the place of business at Memphis, he was because of his race fired in 1969 and that there were other discriminatory practices with respect to Negro employees at that place of business.

Defendant Continental Coffee Company has filed a motion for summary judgment based on affidavits and exhibits showing that plaintiff's charges that were made to the E.E.O.C. and the E.E.O.C.'s effort to adjust the controversy were directed solely to Harmon Foods, Inc. Defendant Harmon Foods, Inc. has made a motion to dismiss (which is in reality a motion for summary judgment) based on an affidavit and exhibits showing that it did not have the requisite number of employees to make it subject to the Act. 42 U.S.C. § 2000e(b).

When the motions came on for hearing, plaintiff's counsel conceded that defendant Harmon Foods, Inc, did not have the requisite number of employees. His contention was, however, that defendant Harmon Foods, Inc. and defendant Continental Coffee Company should be treated as the "employer" of plaintiff, that is to say, that for present purposes the defendants should be treated as one entity and that on this basis both motions for summary judgment should be overruled.

Mr. Bill Harmon, general manager and an officer in Harmon Foods, Inc., testified at the hearing, following which counsel for plaintiff asked for and received leave to file interrogatories, the answers by defendants to be considered by the Court in connection with these motions. The interrogatories and answers are now before the Court.

For completeness it should be said that the E.E.O.C. obtained leave to file an amicus brief but such has not been filed.

It appears that Mr. Harmon, who operated as a sole proprietorship, in 1967 sold the assets of Harmon Foods to Continental Coffee Company for cash and concurrently the assets were transferred to the newly-formed Tennessee corporation called Harmon Foods, Inc., which since then has been a wholly owned subsidiary of the Chicago-based parent corporation. Mr. Harmon continued, on a salary, as general manager and officer of the subsidiary. It appears that the relation between the parent corporation and the subsidiary is a normal one and that the subsidiary corporation could in no way be called a "sham." The control exercised by the parent by virtue of its stock holding is exercised in the usual way by the election of the subsidiary's board and officers. The affairs of the two are generally handled separately. It is clear beyond dispute, and we do not understand plaintiff to contend otherwise, that the subsidiary corporation is in legal contemplation a separate one in that, for example, the parent would not be liable for the debts of the subsidiary and that the subsidiary would be recognized as a separate one for tax purposes.

Thus the question sharply presented is whether, in an ordinary parent-subsidiary situation, can the fact that there are two corporations be ignored for present purposes and the corporations be treated as one? There is nothing in the statutory language or legislative history (1964 U.S.Code Cong. & Adm.News, p. 2355) which supports the contention that you can and there is no case called to our attention that so holds. We therefore decline to do so.

It is therefore ordered that the motions for summary judgment be granted and the action is dismissed.