**Susan Rae BAKER, Appellant,**

v.

**STUART BROADCASTING COMPANY et al., Appellees.**

No. 76–1860.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1977.

Decided Aug. 11, 1977.

Benjamin M. Wall, Omaha, Neb., for appellant.

Kenneth C. Stephan, Lincoln, Neb., for appellees.

Marilyn S. Urwitz, E. E. O. C., Washington, D. C., argued, and Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, Lutz Alexander Prager, Attys., on brief, for amicus curiae, EEOC.

Before LAY and HENLEY, Circuit Judges, and NANGLE, District Judge.*

NANGLE, District Judge.

Plaintiff Susan Rae Baker (now Casner) appeals from the dismissal of her suit, upon defendants' motion at the close of plaintiff's evidence, for lack of subject matter jurisdiction. Plaintiff filed this suit alleging discrimination on the basis of sex. 42 U.S.C. § 2000e et seq. Named as defendants were Stuart Broadcasting Company, Grand Island Broadcasting Company, Ltd., James Stuart, Helen C. Stuart, and Richard Chapin.

Plaintiff alleged that she had been denied employment at Radio Station KRGI whose broadcast license is held by Grand Island Broadcasting Company. Plaintiff further alleged that Stuart Broadcasting Company provided management services for Grand Island Broadcasting and that James Stuart and Helen Stuart were the principal stock-

---

* JOHN F. NANGLE, District Judge, Eastern District of Missouri, sitting by designation.

holders of both Stuart Broadcasting and Grand Island Broadcasting. Defendants James Stuart and Helen Stuart were dismissed upon plaintiff's motion.

At the close of plaintiff's evidence, the district court ruled that it had no jurisdiction because plaintiff had failed to establish that any of the three remaining defendants were employers within the meaning of 42 U.S.C. § 2000e(b). The court held that defendant Grand Island Broadcasting Company, Ltd. did affect commerce, as required by the statute, but that:

[Title 42 U.S.C. § 2000e(b) also provides] . . . that the employer must have 15 or more employees for each working day on each of 20 or more calendar weeks for the current or preceding calendar year. The evidence here makes it clear that the only way it can be said that anyone involved in this case constitutes an employer is to combine the persons employed by Stuart Broadcasting Company and Grand Island Broadcasting Company, Limited. Stuart Broadcasting Company, according to the evidence employed 8 or thereabout employees, and the Grand Island Broadcasting Company, Limited employed approximately 11.

The issue then is whether the two may be joined together for the purposes of this action. That depends upon whether they in fact are separate entities operating separately or whether on the other hand they are of such coagulation that they must be considered one.

I am of the view that they, under the evidence as has been presented in this case, are sufficiently separate that they are not to be treated as one; but must be treated separately. That means that there has not been a showing that any of the defendants, they being now only Stuart Broadcasting Company, Grand Island Broadcasting Company and Richard Chapin, is an employer within the meaning of this act.

If there were the slightest evidence that the separateness of the corporation [sic] was for the purpose of avoiding this act it would be easy for me to say they must be treated collectively. There is no such evidence.

The sole issue presented upon this appeal is whether the district court erred in this ruling. For the reasons which follow, we reverse and remand for further proceedings.

 We start with the proposition that "Title VII of the Civil Rights Act of 1964 is to be accorded a liberal construction in order to carry out the purposes of Congress to eliminate the inconvenience, unfairness and humiliation of racial discrimination". *Parham v. Southwestern Bell Telephone*, 433 F.2d 421, 425 (8th Cir. 1970); *Parliament House Motor Hotel v. Equal Employment Opportunity Commission*, 444 F.2d 1335 (5th Cir. 1971); *Puntolillo v. New Hampshire Racing Commission*, 375 F.Supp. 1089 (D.C. N.H.1974). Such liberal construction is also to be given to the definition of "employer". *Sibley Memorial Hospital v. Wilson*, 160 U.S.App.D.C. 14, 488 F.2d 1338 (1973).

In *Hassell v. Harmon Foods, Inc.*, 336 F.Supp. 432 (W.D.Tenn.1971), *aff'd*, 454 F.2d 199 (6th Cir. 1972), the court declined to treat two corporations as one, for the purposes of the definition of "employer" in 42 U.S.C. § 2000e(b), because "[t]here is nothing in the statutory language or legislative history . . . which supports the contention that you can and there is no case called to our attention that so holds". *Id.* at 433. Since that case, however, a number of courts have allowed such consolidation, basing their reasoning on the remedial purposes of Title VII. *See Williams v. New Orleans Steamship Association*, 341 F.Supp. 613 (E.D.La.1972); *United States v. Jacksonville Terminal Company*, 351 F.Supp. 452 (M.D.Fla.1972); *United States v. Local 638, Enterprise Association of Steam, Hot Water, Hydraulic Sprinkler, Pneumatic Tube, Compressed Air, Ice Machine, Air Conditioning and General Pipefitters*, 360 F.Supp. 979 (S.D.N.Y.1973), *modified*, 501 F.2d 622 (2d Cir. 1974); *Black Musicians of Pittsburgh v. Local 60–471, American Federation of Musicians, AFL–CIO*, 375 F.Supp. 902 (W.D.Pa.1974) (court defers to EEOC determination that defendants

should be consolidated; ruling to be reviewed when record is complete); *cf., Clark v. Universal Builders, Inc.*, 501 F.2d 324 (7th Cir. 1974), *cert. denied*, 419 U.S. 1070, 95 S.Ct. 657, 42 L.Ed.2d 666 (1974) (42 U.S.C. § 1982 suit alleging housing discrimination).

■ These cases hold that the standard to be employed to determine whether consolidation of separate entities is proper are the standards promulgated by the National Labor Relations Board: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations; and (4) common ownership or financial control. *Radio & Television Broadcast Technicians Local Union 1264, International Brotherhood of Electrical Workers, AFL–CIO v. Broadcast Service of Mobile, Inc.*, 380 U.S. 255, 85 S.Ct. 876, 13 L.Ed.2d 789 (1965); *Royal Typewriter Company v. National Labor Relations Board*, 533 F.2d 1030 (8th Cir. 1976); *Marine Welding and Repair Works, Inc. v. National Labor Relations Board*, 439 F.2d 395 (8th Cir. 1971); *National Labor Relations Board v. Aircraft Engineering Corporation*, 419 F.2d 1303 (8th Cir. 1970). In view of the liberal treatment accorded to Title VII, we conclude that these factors should be applied in the determination of "employer" under 42 U.S.C. § 2000e(b).

■ Defendant argues that the ruling of the district court should be affirmed unless clearly erroneous, claiming that the jurisdictional issue is a mixed question of law and fact. Rule 52, Federal Rules of Civil Procedure; *cf., Rogers v. Bates*, 431 F.2d 16 (8th Cir. 1970) (determination of citizenship for purposes of diversity jurisdiction). Rule 52, however, has no application where an erroneous legal standard has been applied. *Kelley v. Southern Pacific Co.*, 419 U.S. 318, 95 S.Ct. 472, 42 L.Ed.2d 498 (1974).

■ Although the record is not entirely clear with respect to the number of persons employed by Stuart Broadcasting and Grand Island Broadcasting, it appears to be undisputed that if these two corporations were consolidated, there would be a sufficient number of employees to satisfy the requirements of 42 U.S.C. § 2000e(b).

The following facts are undisputed:

Stuart Broadcasting and Grand Island Broadcasting are owned by the same individuals, James Stuart and members of his family. These individuals also serve as members of the Board of Directors and officers of the two corporations. Richard Chapin is president of both corporations, and has day-to-day control. Stuart Broadcasting provides management services for Grand Island Broadcasting; included in these services are check writing and completion of the necessary forms for broadcast license renewals. Stuart Broadcasting issues policy manuals which Grand Island Broadcasting is to follow. As Mr. Chapin testified, "we have some very regimented rules in our company and they [the station managers] know the parameters in which they can operate."

Under the circumstances we find sufficient facts to hold as a matter of law that Stuart Broadcasting and Grand Island Broadcasting under controlling standards share management and ownership. In addition, we are of the opinion that the record evidences a sufficient interrelation of operations between the two companies. While evidence as to control of labor relations is less clearly developed in the record, we are of the opinion that the record supports a conclusion that Stuart Broadcasting and Grand Island Broadcasting should be consolidated for the purposes of 42 U.S.C. § 2000e(b). *Cf., National Labor Relations v. Welcome-American Fertilizer Co.*, 443 F.2d 19 (9th Cir. 1971) (holding that no one of the enumerated factors is controlling).

Accordingly we remand this cause to the district court for further proceedings on the merits of plaintiff's complaint.