**Andrew WILLIAMS, Jr., Plaintiff,**

v,

**EVANGELICAL RETIREMENT HOMES OF GREATER ST. LOUIS, d/b/a Friendship Village, Defendant.**

**No. 78–536 C (1).**

United States District Court, E. D. Missouri, E. D.

July 24, 1978.

Donald L. McCullin, St. Louis, Mo., for plaintiff.

Michael J. Bobroff, Sally E. Barker, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for defendant.

### MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on the motion of defendant for summary judgment and to strike plaintiff's jury demand. For the reasons stated below, both motions will be sustained.

This is an employment discrimination case. Plaintiff alleges that he was employed by defendant Evangelical Retirement Homes of Greater St. Louis, d/b/a Friendship Village, from August 1, 1975, to June 4, 1976. Plaintiff further alleges that defendant failed to promote him and eventually fired him because he was black, both in violation of 42 U.S.C. §§ 1981 and 2000e–2.

Defendant contends it could not have discriminated against plaintiff because it was not his "employer". The Court agrees with that contention.

The executive director of defendant has, by affidavit, sworn that defendant hired "Food Service Management, Inc." as an independent contractor to provide defendant with food service. The affiant further states that "Food Service" had its own manager who hired and fired "Food Service" employees. It is therefore evident that defendant had no control over the employment practices of "Food Service".

The term "employer" is intended to have its common dictionary meaning. *Burke v. Friedman,* 556 F.2d 867, 868 (7th Cir. 1977). The fact that defendant contracted with a third party, "Food Service", for independent work does not illustrate a sufficient nexus necessary to find defendant as an "employer" within the meaning of the act. 42 U.S.C. § 2000e(b).

In *Baker v. Stuart Broadcasting Co.,* 560 F.2d 389, 392 (8th Cir. 1977), the Court of Appeals set out four factors to be considered in determining whether two corporations may be treated as one for the purposes of defining an "employer". The factors were:

1. interrelation of operations,
2. common management,
3. centralized control of labor relations; and
4. common ownership or financial control.

Id. at page 392.

The Court is of the opinion that those factors should also be utilized in this case, where a business that would ordinarily fit within the definition of "employer" contracts with an independent contractor for certain services.

In this lawsuit, none of the four factors are satisfied. It is clear that, despite contractual boiler plate clauses that denominated "Food Service" as the "agent" of defendant, "Food Service" in actuality was a mere independent contractor in the sense that defendant exercised no voice in the managerial decisions of "Food Service".

This same reasoning applies to plaintiff's alleged claim under § 1981. Any purported discrimination is dependent on a finding that defendant was so involved in the independent contractor's performance of the contract, that any discriminatory practices by "Food Service" would be considered acts of the defendant.

Since unlawful employment practices, if at all, were committed by the independent contractor of defendant, no genuine issue of material fact remains for trial. Accordingly, defendant's motion for summary judgment will be granted. Rule 56, F.R.C.P., 28 U.S.C. The granting of this motion moots defendant's motion with respect to plaintiff's jury demand.