Lynn **ARMBRUSTER** and Margaret Mayes, Plaintiffs,

v.

Terry **QUINN**, Syntax Corporation, Pure Industries, Inc., and the Stackpole Corporation, Defendants.

Civ. A. No. 80–10070.

United States District Court, E. D. Michigan, N. D.

Oct. 9, 1980.

Eric W. Zimostrad, Zimostrad, Wenzloff, Allsopp & Zimostrad, Bay City, Mich., for plaintiffs.

William C. Potter, Jr., Fischer, Franklin, Ford, Simon & Hogg, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

Plaintiffs, Lynn Armbruster and Margaret Mayes, bring this action for unlawful sexual harassment and discrimination under the fourteenth amendment of the Constitution and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Defendants are plaintiffs' former employer–Syntax Corporation, a Michigan corporation, its past president–Terry J. Quinn, and two parent corporations of Syntax–Pure Industries, Inc. and The Stackpole Corporation both Pennsylvania corporations. The matter is before the Court on motions to dismiss filed by all of the defendants.

The complaint alleges that during the time period from March 5, 1979 to September 17, 1979, while working as secretaries for Syntax Corporation of Bay City, Michigan, plaintiffs were sexually harassed by the company president, Terry J. Quinn. They claim that Mr. Quinn engaged in a pattern of verbal and physical harassment, and that on at least one occasion he took indecent liberties with Lynn Armbruster, against her will and without her consent, thereby constituting an assault and battery. Plaintiffs' cause of action under Title VII is that they were unlawfully terminated as

employees of Syntax Corporation because they resisted Mr. Quinn's sexual advances.

In addition to filing suit against Terry Quinn and Syntax Corporation, plaintiffs have also named two parent corporations of Syntax, Pure Industries and Stackpole, as defendants. Plaintiffs claim that the parent corporations had knowledge that Mr. Quinn was sexually harassing employees of Syntax, and were therefore negligent in not taking steps to stop him. As alleged by defendants, Syntax employs less than fifteen persons and is not an "employer" for purposes of Title VII. 42 U.S.C. § 2000e(b). The question becomes therefore, whether the Court should consider the three corporate defendants as a joint enterprise in order to satisfy the fifteen employee jurisdictional prerequisite of Title VII.

All of the defendants have moved to dismiss the complaint asserting a lack of subject matter jurisdiction. In ruling on defendants' motions, two narrow questions are presented to the Court:

I. Whether, absent any allegations of "state action," this Court has jurisdiction over plaintiffs' claims under the fourteenth amendment; and

II. Whether defendant Syntax alone, or the three related corporations together, constitute an "employer" for purposes of jurisdiction under Title VII.

## I. *Fourteenth Amendment*

■ Where a claim involves the invasion of individual rights, jurisdiction under Section 1 of the fourteenth amendment requires a showing of "state action" or state involvement. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1971). Plaintiffs have not alleged any facts which demonstrate that "state action" is present in this case.

■ It is well settled that the burden to allege jurisdictional facts rests upon the plaintiff. If the defendant challenges these allegations in any appropriate manner, as has been done here, the plaintiff must support them by competent proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

Since such support is lacking in this case, the Court finds that the fourteenth amendment does not provide it with jurisdiction over plaintiffs' claims of discrimination.

## II. *Title VII*

Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b) provides that:

"(b) The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, . . . "

Establishing that an employer has fifteen or more employees is a prerequisite which must be satisfied before jurisdiction under Title VII is proper. *Hassell v. Harmon Foods, Inc.*, 454 F.2d 199 (CA 6, 1972); *see also Burke v. Friedman*, 556 F.2d 867 (CA 7, 1977).

By affidavit and other documents, defendants have asserted that Syntax Corporation did not employ fifteen persons during the time period involved in this action. Plaintiffs have responded with the assertion that when commissioned salespeople are counted, Syntax did employ at least fifteen persons. In addition, plaintiffs argue that defendants Pure Industries and Stackpole are engaged in a joint enterprise with their subsidiary Syntax, and that together these corporations should be considered a single "employer" for purposes of Title VII.

On the factual question of whether Syntax employed fifteen persons, plaintiffs have responded to defendants' jurisdictional challenge only with the affidavit of William J. Clare, a past president of Syntax. Plaintiffs rely on Mr. Clare's affidavit to support the proposition that when "commissioned salespeople" are counted, Syntax employed more than fifteen persons. Neither the law, nor Mr. Clare's affidavit, however, support plaintiffs' contention.

■ The traditional common law test for distinguishing between employees and independent contractors is the "right to control"

reserved by the person for whom the work is being done, not only as to the result accomplished by the work, but also as to the details and means by which the result is accomplished. *Smith v. Dutra Trucking Co,* 410 F.Supp. 513, 516 (N.D.Cal.1976). This test is controlling under Michigan law. See MLP Employment § 2.

■ The affidavit of William Clare does not state that Syntax employed "salespeople," rather it states that the company merely paid a commission to "manufacturer's representatives." The Court believes the difference is significant. Syntax does not exercise control over the details of work performed by representatives which help to market its products, it simply pays them a commission on accomplished results. This is not sufficient to consider such persons "employees" under Title VII and the Court believes that such representatives must be considered independent contractors. *Jenkins v. Travelers Insurance Co.,* 436 F.Supp. 950 (D.Or.1977). Therefore, even when reading the complaint and other documents in a light most favorable to the plaintiffs, and including part–time employees of Syntax in counting the total number of persons it employed, *Pedreyra v. Cornell Prescription Pharmacies, Inc.,* 465 F.Supp. 936, 941 (D.Colo.1979), the Court finds that Syntax Corporation, standing by itself, did not employ at least fifteen persons.

■ We next turn to plaintiffs' contention that the Court should look not only to Syntax Corporation but also to Pure Industries and Stackpole as their "employer" for purposes of Title VII. We begin our inquiry with the recognition that Title VII of the Civil Rights Act is to be accorded a liberal construction in order to carry out the purposes of Congress to eliminate inconvenience, unfairness, and the humiliation of discrimination. *Baker v. Stuart Broadcasting Co.,* 560 F.2d 389 (CA 8, 1977). At the same time, however, we recognize the legislative history of Title VII indicates that the term "employer" is "intended to have its common dictionary meaning, except as expressly qualified by the act." 110 Cong. Rec. 7216 (April 8, 1964); *Burke v. Friedman,* 556 F.2d 867, 870 (CA 7, 1977).

■ The Court believes that when one speaks of his or her "employer", as that term is commonly used, they are not generally referring to the parent corporations of the immediate business which pays their salary. This is especially true when the parent corporations exist under different names and carry on business in a different state than the familiar subsidiary company. Given common usage, most employees are likely to consider their "employer" as the company which owns and operates the physical plant or place in which they work, and which manages the people and products of which they have personal knowledge.

The very same issue facing the Court herein was presented to the Court in *Hassell v. Harmon Foods Inc.,* 336 F.Supp. 432 (W.D.Tenn.1971), *affirmed,* 454 F.2d 199 (CA 6, 1972). In dismissing plaintiff's Title VII action, District Judge, now Circuit Judge, Bailey Brown found that:

It appears that the relation between the parent corporation and the subsidiary is a normal one and that the subsidiary corporation could in no way be called a "sham." The control exercised by the parent by virtue of its stock holding is exercised in the usual way by the election of the subsidiary's board and officers. The affairs of the two are generally handled separately. It is clear beyond dispute, and we do not understand plaintiff to contend otherwise, that the subsidiary corporation is in legal contemplation a separate one in that, for example, the parent would not be liable for the debts of a subsidiary and that the subsidiary would be recognized as a separate one for tax purposes.

Thus the question sharply presented is whether, in an ordinary parent–subsidiary situation, can the fact that there are two corporations be ignored for present purposes and the corporations be treated as one? There is nothing in the statutory language or legislative history (1964 U.S. Code Cong. & Adm.News, p. 2355) which supports the contention that you can and there is no case called to our attention

that so holds. We therefore decline to do so.

Plaintiffs maintain that *Hassell* should not control the decision of this Court. They cite a line of cases, most notably *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389 (CA 8, 1977), which are more recent than *Hassell* and which plaintiffs believe question its authority and lessen its continued viability. This Court does not agree.

In one sense *Baker* and its progeny do appear to adopt a more liberal view than the *Hassell* case. In another sense, however, the *Baker* line of authority can be viewed, not as departing from the reasoning of *Hassell*, but as enunciating a test which is consistent with, but simply more detailed than, that used in *Hassell*.

*Hassell* looked to such factors as the separate nature of related corporations, and whether one is merely a "sham" entity which is actually controlled by a parent company. This analysis appears to the Court to be somewhat similar to the "piercing of the corporate veil" in the law of corporations. Only if two corporate entities are not separate, in law and in fact, are they to be considered a single "employer" under *Hassell*. Under the view which plaintiffs wish the Court to follow, separate corporate entities can be consolidated and considered a single "employer" if the Court finds (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control. *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 392 (CA 8, 1977); *Carter v. Shop Rite Foods*, 470 F.Supp. 1150 (D.C.Tex.1979); *Equal Employment Opportunity Commission v. Upjohn*, 445 F.Supp. 635, 639 (N.D.Ga.1977).

This Court does believe that in some "close cases" the standards above would provide more guidance to District Courts in resolving such jurisdictional issues as that present in this case. The Court, however, is not convinced that the *Baker* standards are all that inconsistent with *Hassell*. The tests only appear to use somewhat different means to resolve the same basic inquiry.

*Hassell* has been followed recently by other courts, *Equal Employment Opportunity Commission v. Cuzzens of Georgia Inc.*, 15 FEP Cases 1807 (N.D.Ga.1977); *Lottice v. Ingersoll–Rand Co.*, 14 FEP Cases 708 (N.D.Cal.1977), and as long as it is the law in this judicial circuit, this Court is bound to follow it.

Ultimate resolution of this jurisdictional issue will always be a factual question. *Bonomo v. National Duckpin Bowling Congress Inc.*, 469 F.Supp. 467 (D.Md.1979). On the facts of this case, the Court is not willing to disregard Syntax Corporation as a "sham" entity in order to consolidate it with its parent corporations to satisfy the Title VII prerequisite of fifteen employees.

Just as in *Hassell* and the Tennessee and Delaware corporations therein involved, the relation between Syntax Corporation in Michigan and its parent corporations in Pennsylvania is one of separate existence. This is true in fact and in contemplation of law. Even borrowing for a moment the most important factor of the *Baker* test—"centralized control of labor relations", *Equal Employment Opportunity Commission v. Cuzzens of Georgia, Inc. supra,*–it is clear to the Court that these corporations are separate entities.

In this case the plaintiffs were hired and terminated by Terry Quinn while acting solely as an official of Syntax. Pure Industries and The Stackpole Corporation had no role in the hiring or termination of employees, nor any involvement in establishing employment policies for Syntax. That the parent corporations may have been aware of the identity, positions, and salaries of Syntax employees from their own corporate records is not sufficient to disregard the independent nature of Syntax Corporation as an "employer."

The case of *Ratcliffe v. Insurance Co. of North America*, 482 F.Supp. 759 (E.D.Pa. 1980), relied upon by plaintiffs, is factually distinguishable from the present case. There the Court was dealing with a subsidiary company–INA, and its parent company–INA Corporation. The companies in *Ratcliffe* were very close in name, area,

personnel, and public identity. Both of those entities existed under the same roof, sharing office space as well as various resources and services. Such is not the situation in the present case, and as such, *Ratcliffe* does not control.

Based on the foregoing, it is the conclusion of this Court that it lacks subject matter jurisdiction over plaintiffs' claims of sexual harassment and discrimination under both the fourteenth amendment and Title VII. The Court believes that the plaintiffs would not be time–barred should they choose to pursue their tort claims in the state courts. M.C.L.A. § 600.5805, M.S.A. § 27A.5805.

Accordingly, defendants' motions are GRANTED and this action is DISMISSED.

IT IS SO ORDERED.