EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff,

v.

KWMT, INC., Defendant.

No. C88–3006.

United States District Court,
N.D. Iowa, C.D.

Sept. 13, 1988.

**1426**

Rose Ann Wasserman, EEOC—Milwaukee District Office, Milwaukee, Wis., Paul C. Lillios, Asst. U.S. Atty., Cedar Rapids, Iowa, for plaintiff.

James W. McCarthy, Fort Dodge, Iowa, for defendant.

## ORDER

HANSEN, District Judge.

This matter is before the court on defendant's resisted motion to dismiss, filed February 19, 1988; plaintiff's resisted motion for Fed.R.Civ.P. 11 sanctions, filed March 16, 1988; defendant's resisted motion for Rule 11 sanctions, filed March 25, 1988; and plaintiff's supplemental unresisted motion for sanctions under 28 U.S.C. § 1927 and under Local Rule 2.2.8, filed July 1, 1988.

Plaintiff's original complaint, filed February 1, 1988, sought to correct allegedly unlawful age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), codified at 29 U.S.C. § 621, *et seq.* The complaint alleges that defendant discharged two sales representatives, aged 61 and 56, on the basis of their age and in violation of the ADEA. A jurisdictional requirement for an ADEA action is that the employer have 20 or more employees. *See* 29 U.S.C. § 630(b).

On February 26, 1988, defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). In its motion to dismiss, defendant claims to have had 14 employees during the time relevant to this action. Defendant relies on an affidavit by Paulette Lundberg, station manager of KWMT, Inc. In the affidavit, Ms. Lundberg states "[t]hat KWMT, Inc. currently has 14 full time employees and no part time employees, nor have more than 14 persons ever been employed." Affidavit of Paulette Lundberg, February 18, 1988. As an action under the ADEA requires that an employer have 20 or more employees, *see* 29

U.S.C. § 630(b), it is defendant's position that this court has no jurisdiction over plaintiff's claim.

Plaintiff, in its resistance to defendant's motion to dismiss, through four separate affidavits and other documents, showed that defendant employed at least 30 people during each month of calendar years 1984 and 1985—years relevant to plaintiff's cause of action. Plaintiff further stated that defendant's motion to dismiss was frivolous and completely baseless and sought sanctions pursuant to Fed.R.Civ.P. 11.

Defendant filed a resistance to plaintiff's motion for sanctions on March 25, 1988. In this resistance, defendant, for the first time, contends that defendant is in fact two separate enterprises: KWMT radio and KKEZ radio. While conceding that KWMT, Inc. has at least 30 employees, defendant claims that the cause of action is or should be against KWMT radio. KWMT radio has less than 20 employees and therefore, using the "separate enterprise" theory, defendant claims that this court has no jurisdiction over plaintiff's complaint. Defendant also requested sanctions under Fed.R.Civ.P. 11 alleging that plaintiff's request for Rule 11 sanctions was baseless and frivolous.

Subsequently, plaintiff filed a timely supplemental brief in opposition to defendant's motion to dismiss on July 1, 1988. In this supplemental brief, plaintiff presented an exhaustive and well written opposition to defendant's "separate enterprise" theory. In addition, plaintiff supplemented its request for sanctions under Rule 11 with an additional request for sanctions under 28 U.S.C. § 1927 and Local Rule 2.2.8. The court will address the parties' motions in turn.

### Motion to Dismiss

 As plaintiff suggests, in deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(1), the court can look to evidence beyond the face of the pleadings. *See, e.g., Indium Corp. of America v. Semi–Alloys, Inc.,* 781 F.2d 879, 884 (Fed.Cir.1985), *cert. denied,* 479 U.S. 820, 107 S.Ct. 84, 93

L.Ed.2d 37 (1986); *Biotics Research Corp. v. Heckler,* 710 F.2d 1375, 1379 (9th Cir. 1983). This court may consider any competent evidence on a disputed factual issue in deciding whether it has subject matter jurisdiction. *See Western Transp. Co. v. Couzens Warehouse & Dist., Inc.,* 695 F.2d 1033, 1038 (7th Cir.1982).

Defendant alleges that plaintiff's complaint should be dismissed under a "separate enterprise" theory. Defendant states that the real defendant should be KWMT radio, and not KWMT, Inc. It is defendant's position that KWMT, Inc. is functionally split into two separate enterprises: KWMT radio and KKEZ radio. Defendant contends that the thrust of plaintiff's complaint is discrimination by KWMT radio, that KWMT radio has less than 20 employees, and, therefore, that this court has no jurisdiction over plaintiff's complaint.

It is clear from the pleadings that plaintiff filed a complaint against KWMT, Inc. and *not* KWMT radio. Furthermore, plaintiff, in its supporting documents, clearly shows that KWMT, Inc. has employed 20 or more people during all times relevant to this action. Accordingly, unless defendant's "separate enterprise" theory applies to this fact pattern, this court has jurisdiction over plaintiff's complaint.

■ Although defendant does not cite any case law supporting its "separate enterprise" theory, plaintiff cites a Title VII case, *Baker v. Stuart Broadcasting Co.,* 560 F.2d 389 (8th Cir.1977), for the "separate enterprise" test used in the Eighth Circuit. The *Baker* test looks to four factors to determine whether consolidation of separate entities is appropriate: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Id.* at 392. Although *Baker* applied a National Labor Relations Board test to a Title VII discrimination case, the Supreme Court has stated that ADEA and Title VII should be similarly construed. *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 756–57, 99 S.Ct. 2066, 2071–72, 60 L.Ed.2d 609 (1979). Furthermore, courts in other circuits have applied the

*Baker* test to ADEA cases. *See York v. Tennessee Crushed Stone Ass'n,* 684 F.2d 360, 362 (6th Cir.1982); *Berkowitz v. Allied Stores, Inc.,* 541 F.Supp. 1209, 1214 (E.D. Pa.1982). In addition, pre-*Baker* Eighth Circuit ADEA case law used a test very similar to the *Baker* test. *See Brennan v. Ace Hardware Corp.,* 362 F.Supp. 1156, 1157–58 (D.Neb.1973) (examining interrelation of operations, common management, and centralized labor relations advice), *aff'd on other grounds,* 495 F.2d 368 (8th Cir.1974). Accordingly, the court determines that the *Baker* test applies with equal force to this ADEA case. Having so decided, the *Baker* test must be applied to determine whether KWMT radio is a separate entity from KKEZ radio, thus making KWMT radio, rather than KWMT, Inc., the appropriate defendant. For the reasons stated below, even assuming that KWMT radio and KKEZ radio are separate entities, they should be consolidated for this ADEA case under the *Baker* test.

■ It is clear that there is much interrelation of operations between the two radio stations. From the affidavits relied on by plaintiff and defendant's answers to interrogatories, KWMT radio and KKEZ radio share office space, office equipment, news services, a station manager, a general manager, a news director, an engineer, other employees, and both stations are located in the same building. Furthermore, reports sent to the Federal Communications Commission indicate that KWMT radio and KKEZ radio are a single employment unit. The two stations also have common management sharing a president, general manager, corporate secretary and station manager. Labor matters for KWMT radio and KKEZ radio are centrally controlled. Hiring decisions and labor relations for the two stations are made by the same individuals. Furthermore, employees are paid by the same corporate entity with no distinction as to whether an employee works at KWMT radio or KKEZ radio. Finally, it is clear that neither station is a separate corporate entity and that they are both wholly owned by the same corporation: KWMT, Inc. Although, as defendant suggests in

**1428**

its brief filed March 25, 1988, the two stations are not identical twins, they definitely are sister stations and, under the *Baker* test, should be treated as one enterprise. For these reasons, the court determines that KWMT radio and KKEZ radio are one entity (KWMT, Inc.) for the purposes of determining the jurisdiction of plaintiff's claim under the ADEA. Accordingly, defendant's motion to dismiss is denied.

### Plaintiff's Motion for Sanctions

■ Plaintiff seeks sanctions under Fed. R.Civ.P. 11, 28 U.S.C. § 1927, and Local Rule 2.2.8 (currently Local Rule 14(i)). In its request for sanctions, plaintiff alleges that both defendant and defendant's counsel knew that KWMT, Inc. employed 20 or more employees throughout 1984 and 1985.

Rule 11 sanctions should be imposed if the motion is " 'frivolous, legally unreasonable or without factual foundation even though the paper was not filed in subjective bad faith.' " *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir.1986) (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986)). Furthermore, the signature of an attorney or party on a motion certifies that, to the best of the signer's knowledge *and after reasonable inquiry,* the motion "is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed ... to cause unnecessary delay or needless increase in the cost of litigation." Fed.R. Civ.P. 11. Because discovery has not been completed in this case, and therefore the court cannot *fully* determine whether defendant's motion to dismiss was well grounded in fact, the court will reserve ruling on plaintiff's motion for Rule 11 sanctions. Similarly, the court will reserve ruling on plaintiff's motion for sanctions under 28 U.S.C. § 1927 and Local Rule 2.2.8.

### Defendant's Motion for Rule 11 Sanctions

■ Defendant requests sanctions in response to plaintiff's motion for sanctions. Defendant appears to argue that its motion to dismiss was well grounded and that plaintiff's motion for sanctions is merely the product of plaintiff's disagreement with defendant's theory. In addition, while relying on the "separate enterprise" theory, defendant states that plaintiff should have made a reasonable inquiry as to whether defendant actually was two businesses. Defendant's argument must fail.

Nowhere in defendant's motion to dismiss, statement in support of motion to dismiss, and affidavit in support of motion to dismiss does defendant explicitly or implicitly refer to the "separate enterprise" theory in any respect. Defendant cites no cases in any document to support its "separate enterprise" theory. The first mention of the "separate enterprise" theory is in defendant's resistance to plaintiff's motion for sanctions.

Instead of presenting this legal theory in its motion to dismiss, the motion to dismiss baldly states that defendant has 14 employees. Furthermore, defendant's motion to dismiss relies on a signed and sworn affidavit by Paulette Lundberg, station manager of KWMT, Inc., which states "[t]hat KWMT, Inc. currently has 14 full time employees and no part time employees, nor have more than 14 persons ever been employed." Affidavit of Paulette Lundberg, February 18, 1988. In light of the affidavits and documents filed by plaintiff, the truthfulness of Ms. Lundberg's statement is in question. Although the court will reserve ruling on plaintiff's motion for sanctions, plaintiff's motion for sanctions was reasonably supported in fact. *See Golden Eagle,* 801 F.2d at 1542. Accordingly, defendant's motion for Rule 11 sanctions is denied.

### ORDER:

Accordingly, It Is Ordered:

1. Defendant's motion to dismiss, filed February 19, 1988, is denied.

2. The court will reserve ruling on plaintiff's motion for sanctions, filed March 16, 1988, and supplemented on July 1, 1988, pending the completion of discovery.

3. Defendant's motion for sanctions, filed March 25, 1988, is denied.

Done and Ordered.