REQUESTED BY: Lawrence R. Myers, Executive Director, Nebraska Equal Opportunity Commission, 301 Centennial Mall South, Lincoln, Nebraska
Question: In order for the Nebraska Equal Opportunity Commission NEOC to have jurisdiction over an employer under the Nebraska Fair Employment Practice Act NFEPA, must the employer have fifteen employees all employed in the state of Nebraska?
Conclusion: No.
You have asked whether or not the fifteen employees referred to in Neb. Rev. Stat. § 48-1102(2) (Cum. Supp. 1992) must be in the state of Nebraska.
 Section 48-1102(2) provides in pertinent part: Employer shall mean a person engaged in an industry who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, any agent of such a person, and any party whose business is financed in whole or in part under the Nebraska Investment Finance Authority Act and shall include the State of Nebraska, governmental agencies, and political subdivisions, regardless of the number of employees, but such term shall not include (a) the United States, a corporation wholly owned by the government of the United States, or an Indian tribe or (b) a bona fide private membership club, other than a labor organization, which is exempt from taxation under section 501(c) of the Internal Revenue Code of 1954. . . .
There is nothing in the NFEPA that restricts the jurisdiction of the NEOC to employers with fifteen or more employees within the state. Neither does the legislative history of the NFEPA indicate that any such interpretation was intended.
In the case of Airport Inn v. Nebraska Equal Opportunity Commission, 217 Neb. 852, 353 N.W.2d 727 (1984), the Nebraska Supreme Court specifically recognized that "because the NFEPA is patterned from that part of the Civil Rights Act of 1964 contained in 42 U.S.C. § 2000e
et seq. (1976) Title VII, it is appropriate to look to federal court decisions construing similar and parent federal legislation. See Richards v. Omaha Public Schools, 194 Neb. 463,232 N.W.2d 29 (1975); Zalkins Peerless Co. v. Nebraska Equal Opp. Comm., 217 Neb. 289, 348 N.W.2d 846 (1984)." Id. at 856.
In Armbruster v. Quinn, 711 F.2d 1332 (6th Cir. 1983), the court addressed the issue of whether a parent corporation and a subsidiary corporation could be considered a "single employer" under Title VII. The essential question was whether the plaintiffs were barred from bringing their action in federal court by the Title VII jurisdictional requirement of fifteen employees. The court stated that the question of whether one is an employee under Title VII was a question of federal law to be ascertained through consideration of the statutory language and legislative history of Title VII. The court noted that "to effectuate its purpose of eradicating the evils of employment discrimination, Title VII should be given a liberal construction." Id. at 1336, citing Tipler v. duPont de Nemours and Co., 443 F.2d 125,131 (6th Cir. 1971). The result of this construction is a broad interpretation of the employer and employee definitions. See also Quijano v. University Federal Credit Union,617 F.2d 129, 131 (5th Cir. 1980); Baker v. Stewart Broadcasting Co., 560 F.2d 389, 391 (8th Cir. 1977). In Armbruster, the court noted that Title VII defined "employer" with substantial breadth and generality. The court also looked to the legislative intent of Congress in enacting the Civil Rights Act of 1964 and amendments to that Act. The 1972 amendment to section 701(b) of the Civil Rights Act of 1964 broadened its reach, subjecting more employers to the Act by reducing the jurisdictional requirement with respect to employees from twenty-five to fifteen. 42 U.S.C. § 2000e(b). The Armbruster court construed the amendment's broad reach as an indication of Congressional intent to have the entire Act broadly construed.
Applying the foregoing reasoning to NFEPA jurisdictional requirements, we conclude that the fifteen employees referred to in section 48-1102(2) need not all be employed in the state of Nebraska in order for the NEOC to have proper jurisdiction over the employer.
Courts will not read into a statute something omitted from it by the legislature or discover a meaning not warranted by the legislative language. Ledwith v. Banker's Life Insurance Co., 156 Neb. 107, 54 N.W.2d 409 (1952). Because we find no indication that the legislature intended the NEOC's jurisdiction to be limited to employers with fifteen employees within the state of Nebraska, we conclude that section 48-1102(2) applies to employers with fifteen employees regardless of where the employees work.
Alfonza Whitaker Assistant Attorney General
APPROVED BY: Don Stenberg Attorney General 29-249-5.