Mansour **VAHID,** Plaintiff,

v.

**FARMERS INSURANCE EXCHANGE, Truck Insurance Exchange, Fire Insurance Exchange, Mid–Century Insurance Company, and Farmers New World Life Insurance Company,** Defendants.

No. 4:12–CV–00232–JEG.

United States District Court, S.D. Iowa, Central Division.

Feb. 1, 2013.

Kodi A. Brotherson, Michael J. Carroll, Babich Goldman, P.C., Des Moines, IA, for Plaintiff.

Thomas M. Cunningham, Nyemaster Goode PC, Des Moines, IA, James R. Holland, II, Ashley Jean Shaneyfelt, Fisher & Phillips, LLP, Kansas City, MO, for Defendants.

## ORDER

JAMES E. GRITZNER, Chief Judge.

This matter is before the Court on the Motion of Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid–Century Insurance

Company, and Farmers New World Life Insurance Company (collectively, the Defendants) to Dismiss Plaintiff Mansour Vahid's (Vahid) Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Vahid resists. The lawsuit arises out of alleged racial, religious, and/or national origin-based discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq. and/or alleged age discrimination and retaliation in violation of 29 U.S.C. § 623 et seq. Vahid resisted Defendants' motion on August 29, 2012, and Defendants filed a reply in support of their motion on September 10, 2012. A hearing was held on October 9, 2012, with attorney Michael Carroll appearing for the Plaintiff; and attorneys Thomas Cunningham and Ashley Shaneyfelt appearing for the Defendants. The matter is fully submitted and ready for disposition.

## I. BACKGROUND

Vahid is a citizen of Iowa who worked for the Defendants from January 1, 2010, until June 30, 2011.[1] Vahid was terminated from his job on May 26, 2011, effective June 30, 2011.

Vahid filed a Complaint alleging discrimination and retaliation by the Defendants based on Vahid's race, religion, national origin, and/or age on May 31, 2012. Vahid filed an Amended Complaint, changing named defendants, on June 28, 2012. The Defendants filed a Motion to Dismiss Va-

hid's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and requested oral argument on August 17, 2012. The Defendants contend that Vahid was only an independent contractor for their companies and therefore did not qualify as an "employee" for purposes of Title VII or the ADEA.

Following the hearing on October 9, 2012, Vahid filed his Second Amended Complaint and Jury Demand on November 6, 2012. Defendants filed an Answer to Vahid's Amended Complaint on November 20, 2012. Additionally, Defendants filed a Motion to Dismiss Vahid's retaliation claims—Counts II and IV—for failure to state a claim on November 20, 2012. Vahid entered a stipulation to the dismissal of Counts II and IV on November 30, 2012, so the only remaining counts before this Court are Counts I and III. Defendants have not filed a new motion to dismiss with regard to Vahid's Second Amended Complaint, so Defendants' original Motion to Dismiss, ECF No. 3, will be addressed as applied to Vahid's Second Amended Complaint.

## II. DISCUSSION

### A. Standard of Review for 12(b)(6) Motion[2]

Although Rule 8(a)(2) requires only a "short and plain statement of the claim

---

1. The facts are taken from the Complaint. The Court must accept as true all facts alleged in the Complaint for purposes of a Rule 12(b)(6) motion to dismiss. *See Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir.2010). However, in the circumstances of this case, the Court notes the words "employed" and "employee" are at issue in the present motion, as Defendants assert this is a legal conclusion, and Vahid contends it is a fact to be taken as true under Rule 12(b)(6).

2. Vahid asserts motions to dismiss and motions for summary judgment should be grant-

ed sparingly in employment discrimination cases, citing *Johnson v. Minn. Historical Soc'y,* 931 F.2d 1239 (8th Cir.1991), and *Crawford v. Runyon,* 37 F.3d 1338 (8th Cir. 1994). However, that sentiment was explicitly rejected as to summary judgment motions by the Eighth Circuit in *Torgerson v. City of Rochester,* 643 F.3d 1031 (8th Cir.2011) (en banc). The court in *Torgerson* stated that "[t]he panel statements asserting a different standard for review of summary judgment in employment discrimination cases are contrary to Supreme Court precedent. The

showing that the pleader is entitled to relief," Vahid must set forth more than mere legal conclusions and a formal recitation of the elements of his causes of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Further, in order to survive Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). The Court will read Vahid's complaint as a whole to determine whether his claims are plausible, rather than parsing it into pieces to view each allegation in isolation. *See Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir.2009) (citing *Vila v. Inter–Am. Inv. Corp.*, 570 F.3d 274, 285 (D.C.Cir.2009)).

The Court will find Vahid's complaint facially plausible only if Vahid has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Thus, after assuming all factual allegations in the complaint to be true, the Court will determine whether Vahid raises a plausible claim of entitlement to relief against Defendants. *See id.* at 558, 127 S.Ct. 1955.

After *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), plaintiffs had to satisfy a notice-pleading standard to survive a Rule 12(b)(6) motion. Using the *Conley* standard for guidance, the Supreme Court more recently discussed pleading in the employment discrimination context. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). The Supreme Court stated that "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case." *Id.* (discussing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and holding that the prima facie case under *McDonnell Douglas* is an evidentiary standard, rather than a pleading requirement). Rule 8(a) is the pleading standard for all civil actions, unless a specific exception applies. There is no such exception for employment discrimination cases, so the *Iqbal/Twombly* standard applies, though an argument remains that it is possibly tempered by the concerns set forth in *Swierkiewicz*.[3]

Court has reiterated that district courts should not treat discrimination differently from other questions of fact.... Because summary judgment is not disfavored and is designed for every action, panel statements to the contrary are unauthorized and should not be followed. There is no 'discrimination case exception' to the application of summary judgment ..." *Id.* at 1043 (internal quotation marks, quotations, and citations omitted).

**3.** *Swierkiewicz* was decided before *Iqbal* and *Twombly* set forth a new standard for pleading after *Conley,* so its analysis was focused on the *Conley* notice-pleading standard. However, a group of four dissenters on the

Eighth Circuit regarded *Swierkiewicz* as good law for discrimination cases *after Twombly,* confirming that Rule 8(a) "requires only that a complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 495 (8th Cir.2009) (en banc) (JJ. Murphy, Bye, Melloy and Smith dissenting) (quoting *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. 992). *Swierkiewicz* has never been expressly overruled, though many courts regard it as effectively overruled by *Iqbal's* heightened pleading rules. *See, e.g., Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (concluding that "because *Conley* has been specifically repudiated by both *Twombly*

## B. Inclusion of Contract in 12(b)(6) Analysis

The Defendants attached a "District Manager's Reserve Field Manager Appointment Agreement" (Agreement) to their Motion to Dismiss Vahid's Complaint, contending this Court should consider the Agreement in deciding whether to grant the motion. This Agreement lists the Defendants as the "Companies," Vahid as the "Employee," and Dan Siegfried (Siegfried) as the "District Manager." Def. Mot. to Dismiss, Attach. 1, p. 1, ECF No. 3–2. The Agreement further states that the District Manager is the hiring party, that the Companies merely appointed Vahid to work as an insurance representative, and that "Employee is not an employee of the Companies for any purpose." Id. The Defendants also retained the right to "terminate the appointment of Employee as a licensed insurance representative at any time and for any reason by giving written notice to Employee and District Manager at District Manager's last known address." Id. at p. 2.

■ Generally, the court "must ignore materials outside the pleadings, but it may consider ... materials that are 'necessarily embraced by the pleadings.'" Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir.1999) (quoting Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co., 967 F.Supp. 1148, 1152 (D.Minn. 1997)). The purpose of this rule "is to prevent a plaintiff from avoiding an otherwise proper motion to dismiss by failing to attach to the complaint documents upon which it relies." Young v. Principal Fin.

Grp., Inc., 547 F.Supp.2d 965, 973–74 (S.D.Iowa 2008) (internal quotation marks and citation omitted). While the present circumstance would seem the reverse of the essential purpose of the rule as the Agreement provides further factual support for the claims in the complaint, Vahid has not contested the inclusion of the Agreement in this Court's analysis regarding the Defendants' Motion to Dismiss.

■ In a case where the terms of a contract are in dispute, it has been held proper to include the contract at issue in the court's motion to dismiss analysis. See id. at 974 (holding that "[i]n such a case, the complaint, by basing its claim solely on the language of the contract has 'embraced' the contents of the contract in its pleadings"). The terms of the Agreement are not in dispute, technically. Rather, Vahid's employment status is in dispute, and the factual support for this allegation is enhanced by the Agreement which does seem embraced by the complaint. Therefore, the Court will include the Agreement in its analysis at this time.

## C. Employee—Independent Contractor Analysis

■ The determination of whether Vahid is an "employee" for purposes of Title VII and the ADEA is ultimately broader than what is contained in a contract, as this Court must consider the functional, day-to-day relationship between the alleged employee and the alleged employer. "Under the common-law approach, determining whether a hired party is an

and Iqbal, so too has Swierkiewicz, at least insofar as it concerns pleading requirements and relies on Conley"); Francis v. Giacomelli, 588 F.3d 186, 192 n. 1 (4th Cir.2009) (holding that the standard plaintiffs quoted from Swierkiewicz was explicitly overruled by Twombly). In the process of reconciling Swierkiewicz with the Iqbal/Twombly pleading standard,

the remaining argument is that the Supreme Court could leave Conley and its bare notice-pleading standard behind, while also taking note of the limited facts at a plaintiff's disposal in an employment discrimination case before discovery commences—thus tempering the harshness of dismissal under Rule 12(b)(6) for such a plaintiff.

employee or an independent contractor involves consideration of all aspects of the working relationship between the parties. The existence of a contract referring to a party as an independent contractor does not end the inquiry, because an employer 'may not avoid Title VII by affixing a label to a person that does not capture the substance of the employment relationship.'" *Schwieger v. Farm Bureau Ins. Co. of NE*, 207 F.3d 480, 483 (8th Cir.2000) (quoting *Devine v. Stone, Leyton & Gershman, P.C.*, 100 F.3d 78, 81 (8th Cir.1996)) (internal quotation marks and citation omitted). The Agreement provided by Defendants is therefore helpful, but not necessarily indicative of the actual relationship Defendants had with Vahid. Rather, the ultimate analysis as to whether Vahid is an independent contractor or an employee of the Defendants for purposes of Title VII and the ADEA is set forth as follows:

A primary consideration is the hiring party's right to control the manner and means by which a task is accomplished. In addition, the Supreme Court has identified twelve other factors for courts to take into account:

[1] the skill required;

[2] the source of the instrumentalities and tools;

[3] the location of the work;

[4] the duration of the relationship between the parties;

[5] whether the hiring party has the right to assign additional projects to the hired party;

[6] the extent of the hired party's discretion over when and how long to work;

[7] the *method of payment*;

[8] the hired party's role in hiring and paying assistants;

[9] whether the work is part of the regular business of the hiring party;

[10] whether the hiring party is in business;

[11] the provision of employee benefits; and

[12] the tax treatment of the hired party.

*Id.* at 484 (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)) (internal quotations and citations omitted). The Court would also "weigh the economic realities of the worker's situation, including factors such as how the work relationship may be terminated and whether the worker receives yearly leave," *id.* (internal quotation marks and citation omitted), as well as "whether the worker accrues retirement benefits, and whether the hiring party pays social security taxes." *Wilde v. Cnty. of Kandiyohi*, 15 F.3d 103, 105 (8th Cir.1994).

▇▇▇ The Court is not yet engaged in the foregoing ultimate analysis of the dispute over independent contractor or employee but rather must determine if this issue is sufficiently alleged to create a plausible claim. In his Second Amended Complaint, Vahid endeavors to name any of the Defendants' employees who dealt directly with his work, whether by supervising him, assigning him projects, or making the decision to terminate his employment. He also includes dates, locations, and the employment actions taken by these individuals, lending credence to his contention that he was truly an employee of the Defendants. Accepting all of the factual allegations now before the Court, the Court finds Vahid has made out a plausible claim sufficient to meet the minimum threshold to survive the 12(b)(6) motion as to Counts I and III.

### D. Joint Employer v. Single Employer

As an alternative to finding Vahid was a direct employee to the Defendants, Vahid asserts the Defendants and Siegfried were his joint employers, thus sharing liability under Title VII and the ADEA. Courts look at the following four factors to determine whether multiple, distinct entities should be treated as an integrated or joint enterprise for civil rights actions: "1) interrelation of operations, 2) common management, 3) centralized control of labor relations, and 4) common ownership or financial control." *Sandoval v. Am. Bldg. Maint. Indus. Inc.*, 578 F.3d 787, 793 (8th Cir.2009) (citing *Baker v. Stuart Broad. Co.*, 560 F.2d 389, 391 (8th Cir.1977)). "Under the EEOC's interpretation of Title VII, the separate entities that form an integrated enterprise are treated as a single employer for purposes of both coverage and liability, and relief can be obtained from any of the entities that form part of the integrated enterprise." *Id.* (citing EEOC Compliance Manual, Section 2: Threshold Issues, No. 915.003, at 44) (internal quotation marks omitted). This test is utilized in Title VII and ADEA cases. *Id.* (noting that Congress amended the ADEA and Title VII to include this four-factor test, especially as applied to U.S. citizens abroad working for employers in the U.S.).

Just as with the multi-factor test to determine whether Vahid is an employee or independent contractor for the Defendants, the multi-factor joint employer test is also, ultimately, incredibly fact-intensive. Further, it is quite possible the joint enterprise test is irrelevant in this case. If Vahid was Defendants' employee, and Siegfried was just Vahid's immediate supervisor, Defendants could be liable for employment decisions made by Siegfried—Defendant's employee—without meeting the joint employer test. Again, the Court concludes Vahid has met the minimal burden of alleging facts that illustrate a plausible claim.

## III. CONCLUSION

For the reasons stated, the Motion to Dismiss Counts I and III pursuant to Rule 12(b)(6), ECF No. 3, must be **denied.** Based upon the Joint Stipulation of Dismissal, Defendant's Partial Motion to Dismiss Counts II and IV, ECF No. 20, is **granted.**

**IT IS SO ORDERED.**