RILEY, Chief Judge,
concurring in part and dissenting in part.
I would reverse the grant of summary judgment on the appellants’ retaliation claims because, viewing the record in the light most favorable to the appellants, there are genuine factual disputes underpinning the legal question whether OEF and Hugo are integrated employers.
My fundamental concern is that the district court in this case made the same mistake that earned the Fifth Circuit a summary reversal earlier this year: the court “failed to adhere to the axiom that in ruling on a motion for summary judgment, ‘[t]he evidence of the non[-]movant is to be believed, and all justifiable inferences are to be drawn in his favor.’ ” Tolan v. Cotton, 572 U.S. -, -, 134 S.Ct. 1861, 1863, 188 L.Ed.2d 895 (2014) (per curiam) (first alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
According to the appellants’ reasonable view of the record, Hugo employees performed most of OEF’s routine human resources functions, had sole authority to write OEF’s checks, directed OEF’s hiring and firing of employees, controlled OEF’s payroll, kept a single integrated employee database for both OEF and Hugo, managed integrated insurance for Hugo and *831 OEF employees, provided OEF legal advice, and prepared OEF’s tax filings. OEF’s sole voting director was Hugo’s sole voting member, and at least one Hugo employee exercised broad authority over OEF — including firing one of the appellants. OEF received all of its funding from Hugo and could not logistically function without the day-to-day involvement of Hugo employees. If a jury found these facts to be true, the legal conclusion that OEF and Hugo are integrated employers would be inescapable. See, e.g., Sandoval v. Am. Bldg. Maint. Indus., Inc., 578 F.3d 787, 796-800 (8th Cir.2009); Baker v. Stuart Broad. Co., 560 F.2d 389, 392 (8th Cir.1977).
To be sure, if a jury rejected the appellants’ view of the evidence, the majority’s legal decision that OEF and Hugo are not integrated would carry the day. But “a judge’s function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.” Tolan, 572 U.S. at-, 134 S.Ct. at 1866 (internal marks omitted) (quoting Anderson, 477 U.S. at 249, 106 S.Ct. 2505). A jury — not a district or appellate judge— must resolve any genuine factual disputes underpinning a legal question. See, e.g., In re Wholesale Grocery Prods. Antitrust Litig., 752 F.3d 728, 733-34 & n. 5 (8th Cir.2014). In this case, a jury should resolve the disputed factual questions regarding OEF and Hugo’s integration — for example, by answering factual interrogatories, thereby permitting the court to answer the legal question at issue based on the jury’s findings. See id. at 735 n. 7.
The allegations in this case are significant. If the appellants’ claims are true, two female employees were subjected to persistent sexual harassment by a boorish individual and then summarily fired because they complained about the harassment. I believe there plainly is enough evidence to send this case to a jury.
I join Part II.B of the court’s opinion and otherwise respectfully dissent.