Rebecca Goodgame Ebinger, United States District Judge *1029 I. INTRODUCTION
Now before the Court is a Second Motion to Dismiss for failure to state a claim and a Second Motion to Strike an affirmative defense, filed by Plaintiff (and Counterclaim Defendant) Summers Manufacturing Company, Inc. Pl.'s Second Mot. Dismiss & Strike Insufficient Defense, ECF No. 45. Summers seeks to dismiss four counterclaims and an affirmative defense filed by Defendants (and Counterclaim Plaintiffs) Tri-County AG, LLC and Tri-County Iron, LLC (collectively Tri-County). The matter came before the Court for hearing on October 12, 2017. See Hr'g Mins. Pl.'s Mot. Dismiss & Strike, ECF No. 55. Attorneys Edward Runyan and William Graham appeared on behalf of Summers. Id. Attorneys David Bower and Jeffrey Harty appeared on behalf of Tri-County. Id. Both parties argued in support of their respective positions. Id. ; Pl.'s Br. Supp. Second Mot. Dismiss & Strike, ECF No. 45-1; Defs.' Resist. Pl.'s Second Mot. Dismiss & Strike, ECF No. 51; Pl.'s Reply Br. Supp. Pl.'s Second Mot. Dismiss & Strike, ECF No. 52. For the reasons stated below, the Court grants Summers's Motion to Dismiss Tri-County's Counterclaims I, II, III, and IV for failure to state a claim and denies Summers's Motion to Strike Tri-County's second affirmative defense.
II. FACTUAL BACKGROUND
This case arises from Tri-County's alleged infringement of two patents Summers currently holds on a farm equipment attachment, United States Patent No. 9, 326, 439 (the '439 patent) and United States Patent No. 9, 462, 737 (the '737 patent) (the patents). Compl. ¶¶ 59, 73, ECF No. 1. Summers is a manufacturing company that produces and sells farm equipment, including harrows and other tillage implements and attachments. Id. ¶ 4. In 2013, Summers began manufacturing a mounted rolling basket attachment for tillage farm equipment (the Summers Basket). Id. ¶ 25-26. Summers asserts unlike other rolling baskets on the market, the "Summers Basket[ is] equipped with internally mounted mud scrapers to keep the basket[ ] clean for continuous" use, particularly in wet conditions. Id. ¶ 26. The Summers Basket is compatible with a large variety of tillage equipment. Id. The Summers Baskets are the subject of, and covered by, the '439 and '737 patents. Id. ¶ 25. The '439 patent is dated May 3, 2016, and the '737 patent is dated October 11, 2016. Pl.'s Ex. A & Ex. B, ECF No. 1. Both are entitled "Agricultural Implement with a Scraper Internal to a Rolling Basket." Id. ¶ 3.
Summers alleges after it introduced the Summers Basket, Tri-County began selling the Tri-County Scraper Kit, which is specifically designed for retrofitting John Deere Baskets. Id. ¶¶ 7, 28-34. When combined, the Tri-County Scraper Kit and the John Deere Baskets create the Tri-County Retrofit Basket. Id. ¶ 28. Summers alleges the Tri-County Scraper Kit has no other purpose than to be assembled into the Tri-County Retrofit Basket. Id. ¶ 33. Summers also asserts Tri-County has provided instructions and drawings directing purchasers on how to assemble the Tri-County Retrofit Basket and have advertised the allegedly infringing use of the Tri-County Retrofit Basket to the public. Id. ¶¶ 30-31. Finally, Summers claims the Tri-County Retrofit Basket "meets each limitation of at least claim 1" of both the '439 and '737 patents. Id. ¶¶ 35, 44. In Summers's Complaint, Summers provides detailed illustrations and analysis of the alleged similarities *1030 between the Summers Basket and the Tri-County Retrofit Basket, including the particular limitations in claim 1 of the patents. Id. ¶¶ 36-43, 45-50.
On November 7, 2016, counsel for Summers wrote a letter to Tri-County to place it on notice that the Tri-County Scraper Kit and the Tri-County Retrofit Basket allegedly infringed at least claim 1 of the '439 and '737 patents. Id. ¶ 51; Pl.'s Ex. D Supp. Compl., ECF No. 1-4. On November 11, 2016, Tri-County responded with its own letter, asserting it had not infringed upon the patents and listing differences between its product and the Summers Basket. Id. ¶ 52; Pl.'s Ex. E Supp. Compl., ECF No. 1-5.
III. PROCEDURAL BACKGROUND
Summers filed a complaint in the United States District Court for the District of North Dakota, asserting Tri-County is infringing on the '439 patent and the '737 patent. ECF No. 1. Pursuant to a joint stipulation and request to transfer, the District of North Dakota transferred the case to the United States District Court for the Southern District of Iowa, Central Division. Order, ECF No. 26.
In its original answer, Tri-County asserted five affirmative defenses, including one claiming the '439 and '737 patents were invalid. Defs.' Answer 7-8, ECF No. 38. Tri-County also alleged two counterclaims: 1) a counterclaim for declaration of non-infringement, id. at 10, and 2) a counterclaim for declaration of invalidity, id. at 10-11. In response, Summers filed its first Motion to Dismiss both counterclaims under Rule 12(b)(6), and to strike as insufficient Tri-County's invalidity affirmative defense under Rule 12(f). ECF No. 39. Summers also asserted Tri-County's counterclaims should be dismissed as violating Federal Rule of Civil Procedure 10(b), as the counterclaims were not separately pled based on the two patents but instead combined into claims of non-infringement and invalidity naming both patents. Pl.'s Mem. Supp. Mot. Dismiss & Strike Insufficient Defense 9, ECF No. 39-1.
Rather than file a resistance to Summers's motion, Tri-County filed an Amended Answer. ECF No. 41. The answer again included an affirmative defense of invalidity, as well as two counterclaims for a declaration of non-infringement and two counterclaims for a declaration of invalidity. Id. at 7, 10-12.[1] As in its original answer, Tri-County rests its second affirmative defense and invalidity counterclaims-Counterclaims III and IV-in part on prior art, including European Patent 1639876 (the European Patent). Id. at 7, 12. After withdrawing its first Motion to Dismiss, Summers filed the present Second Motion to Dismiss Tri-County's counterclaims under Rule 12(b)(6) and strike as insufficient the affirmative defense of invalidity under Rule 12(f). ECF No. 45; ECF No. 52.
In response, Tri-County conceded it was not resisting Summers's Motion to Dismiss Tri-County's invalidity counterclaims as they related to 35 U.S.C. § 101. ECF No.
*1031 51 at 6 n.3; see also ECF No. 48 at 12 (naming failure to comply with " §§ 101, 102, 103, and/or 112" as bases for the invalidity counterclaims).[2] Summers replied to Tri-County's resistance. ECF No. 52. The Court first considers Summers's Motion to Dismiss Tri-County's counterclaims. The Court then turns to Summers's Motion to Strike Tri-County's second affirmative defense.
IV. MOTION TO DISMISS COUNTERCLAIMS
A. Introduction
Pursuant to Rule 12(b)(6), Summers moves to dismiss Tri-County's non-infringement counterclaims (Counterclaims I and II) as well as its invalidity counterclaims (Counterclaims III and IV) for failure to state a claim upon which relief may be granted. ECF No. 45. Tri-County responds, based on Summers's initial, detailed Complaint and Tri-County's denial of each factual allegation and claim, Summers is on notice of the bases for Tri-County's counterclaims for declaration of non-infringement. ECF No. 51 at 3-5. Tri-County also argues its invalidity counterclaims are sufficiently pled because they explain the statutory bases for Tri-County's request and identify a specific, invalidating prior art. Id. at 6. For the reasons stated below, the Court grants Summers's Motion to Dismiss both the invalidity and non-infringement counterclaims.
B. Motion to Dismiss Standard
It is uncontested Rule 12(b)(6) and the pleading standards established by the United States Supreme Court in Twombly and Iqbal apply to Tri-County's invalidity and non-infringement counterclaims. See ECF No. 51 at 6 (acknowledging the plausibility standard applies and asserting Summers is incorrectly applying a higher pleading standard); ECF No. 45-1 at 8 (citing Twombly and Iqbal as the correct legal standard for the counterclaims).[3]
Under 12(b)(6), a party may move for dismissal of a claim or counterclaim if a party fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted *1032 as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). "A [counter]claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." Id. ; accord Kelly v. City of Omaha , 813 F.3d 1070, 1075 (8th Cir. 2016). The aim of the plausibility standard "is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.' " Topchian v. JPMorgan Chase Bank, N.A. , 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders , 199 F.3d 968, 973 (8th Cir. 1999) ).
Although the court must draw all reasonable inferences from the facts alleged in a party's counterclaim, if a dispositive issue of law shows no claim exists on the face of the pleadings, a court may dismiss a counterclaim under Rule 12(b)(6). Neitzke v. Williams , 490 U.S. 319, 326-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Furthermore, a court need not accept a party's legal conclusions, only its factual allegations. Brown v. Medtronic, Inc. , 628 F.3d 451, 459 (8th Cir. 2010).
C. Counterclaims I and II (Declaration of Non-Infringement)
1. Introduction
Before ruling on Summers's Motion to Dismiss Tri-County's non-infringement counterclaims, the Court must determine whether it will rely upon Summers's Complaint or Exhibit E, a letter Tri-County sent to Summers that Summers attached to its Complaint. The Court concludes it will not rely upon either. A counterclaim must stand on its own and may not be supplemented by the facts alleged in an opposing Complaint. Additionally, the letter is not incorporated into the Amended Answer. The Court first addresses in greater detail its decision not to rely upon these materials. The Court then considers the merits of Summers's Motion to Dismiss and grants dismissal of both of Tri-County's non-infringement counterclaims.
2. The Court Will Not Rely Upon Summers's Complaint or Exhibit E When Ruling on Summers's 12(b)(6) Motion
As part of its Resistance to Summers's Second Motion to Dismiss, Tri-County asserts the Court should rely upon the factual information included in Summers's Complaint, and Tri-County's denial of such information, as the factual basis for Tri-County's non-infringement pleading. For the reasons stated below, the Court will not consider the factual allegations contained in Summers's Complaint or Exhibit E, attached to Summers's Complaint, in its Rule 12(b)(6) analysis.
In Counts I and II of its Complaint, Summers alleges Tri-County's manufacturing of the Tri-County Scraper Kit, as well as Tri-County's demonstration and sale of the Tri-County Retrofit Basket, infringes on both the '439 patent and '737 patent. ECF No. 1 ¶¶ 59-60, 73-74. In the factual background of the Complaint, which is incorporated into Counts I and II, Summers asserts the Tri-County Retrofit Basket meets each limitation of claim 1 of both patents. Id. ¶¶ 35, 44, 58, 72. Furthermore, Summers sets forth in detail the various components of the Tri-County Retrofit Basket it believes infringes on claim 1 of each patent. Id. ¶¶ 36-43, 45-50.
In its Amended Answer, Tri-County denies the majority of the facts asserted in the factual background of Summers's Complaint. ECF No. 41 at 3-4 (stating "Denied" or explaining it lacks information or *1033 knowledge to respond to the allegations).[4] Tri-County also denies without further explanation all of the enumerated claims comprising Count I and Count II of Summers's Complaint. Id. at 5-7 (stating "Denied"). In its non-infringement counterclaims, Tri-County asserts, "[t]he [Tri-County Retrofit Basket] does not contain one or more limitations of each independent claim of the '439 [and '737 ] Patent[s], including claim 1, which is the only claim alleged in the Complaint." Id. at 10-11. Tri-County also claims, "[t]he [Tri-County Retrofit Basket] does not contain any part or component that has a particular use as part of some other machine or composition that infringes the '429 [and '737 ] Patent[s], including those uses alleged in the Complaint." Id. at 11. Finally,
Tri-County requests the declaration of the Court that Tri-County does not make, use, sell, offer to sell or otherwise infringe, and has not made, used, sold, offered to sell or otherwise infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '439 [and '737 ] Patent[s], including claim 1 which is the only claim alleged in the Complaint.
Id. at 11.
In its Second Motion to Dismiss, Summers asserts Tri-County has failed to sufficiently plead a counterclaim for declaration of non-infringement under Federal Rule of Civil Procedure 8(a)(2). See ECF No. 45-1 at 3. Summers argues Tri-County has not identified a single limitation listed in claim 1 of either patent it has not infringed upon. Id. Furthermore, Summers asserts Tri-County has not explained how or why a specific limitation is not met, either literally or under the doctrine of equivalents. Id. at 3. Finally, Summers claims Tri-County does not describe the Tri-County Retrofit Basket or how it functions in relation to the Summers Basket, and therefore Summers cannot sufficiently respond to Tri-County's claim it did not infringe on Summers's product. Id. at 3-4.
In response, Tri-County argues it has provided sufficient factual details to survive a Rule 12(b)(6) Motion to Dismiss and that Summers is attempting to enforce a stricter pleading standard than is required under Twombly and Iqbal. ECF No. 51 at 5-6. Additionally, Tri-County asserts its pleadings must be read as a whole. Id. at 5. When the pleading is read comprehensively, Tri-County argues both its firm denial of the allegations in Count I and Count II of Summers's Complaint, as well as its denial of the detailed factual assertions described in Summers's Complaint, put Summers on notice of what limitations in claim 1 Tri-County asserts are missing from the Tri-County Retrofit Basket. Id. Consequently, Tri-County argues, it is not required to re-list, in detail, the limitations in claim 1 it believes the Tri-County Retrofit Basket has not met. Id.
The Court determines Tri-County's pleadings may not be supplemented with the factual allegations contained in Summers's Complaint when Tri-County's pleadings merely deny those factual allegations. There is a material difference between denying factual allegations and asserting them, a fact other district courts have noted. See Gradient Enters., Inc. v. Skype Techs. S.A. , 932 F.Supp.2d 447, 452 & n.3 (W.D.N.Y. 2013) (applying the Form 18 pleading standard to a direct non-infringement *1034 counterclaim even though the complaint was extremely detailed and noting the court did "not believe that the level of detail required of a counterclaim should depend upon how much factual detail has been alleged in the complaint"); Infineon Techs. AG v. Volterra Semiconductor Corp. , No. C11-6239 MMC, 2013 WL 12174301, at *1 (N.D. Cal. Feb. 7, 2013) (dismissing a non-infringement counterclaim under the Twombly and Iqbal standard because "[a]lthough the scope of such declaratory relief arguably is defined by the claims as set forth in [the plaintiff's] Second Amended Complaint, [the defendant] bears the burden of proof on its counterclaims, and, accordingly, the Court finds [the defendant] is required to set forth, in accordance with Iqbal and Twombly , the parameters of its claims"). Denying Summers's allegations merely places the facts in dispute; it does not provide Summers or the Court with any facts illustrating how such denials support Tri-County's non-infringement counterclaim. Summers is entitled to fair notice of the facts Tri-County disputes, as well as the facts Tri-County specifically intends to rely upon for its non-infringement counterclaim. Put simply, a counterclaim must stand on its own.
Finally, the Court agrees it must read the pleading as a whole, rather than "parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden v. Wal-Mart Stores, Inc. , 588 F.3d 585, 594 (8th Cir. 2009). However, Tri-County has not pointed to any authority showing either 1) a party may rely upon an opposing party's allegations to bolster its own pleadings, or 2) there is a different pleading standard for non-infringement claims brought independently, as opposed to in reaction to a direct infringement claim.[5] Consequently, the Court will not rely upon Summers's detailed factual allegations when considering Summers's Motion to Dismiss.
Similarly, the Court will not incorporate into Tri-County's Amended Answer the November 11, 2016 letter Tri-County sent to Summers that Summers attached as Exhibit E to its Complaint. Pl.'s Ex. E, ECF No. 1-5. In the letter, which Tri-County sent in response to Summers's November 7, 2016 letter asserting infringement, Tri-County made several arguments. First, Tri-County responded to Summers stating, "[u]nlike your Mounted Rolling Basket equipped with mounted mud scraper ..., our product is retrofitted exclusively for the purpose of aftermarket. We do not make or sell rolling baskets but rather retrofit our product to a rolling basket that is the property of a third party." Id. at 2. Tri-County further alleged its "product is not designed to be mounted on a rolling basket of any particular party or any particular type. Such baskets may be equipped with a plurality of blades, round bars or square bars." Id. Finally, Tri-County asserted "[b]ecause the purpose of our product is to be retrofitted, our design is structurally different from your patented design. What your letter contends is a 'sleeve' is in-fact not a 'sleeve' but rather a compression fitting. Your patents show and claim a stationary blade or elongated scrapping edge connected to the sleeves (see Exhibit A, Figure 1 and Figure 2). Our design does not have such a structure. Our design uses a plurality of different paddles ...." Id. As part of its Amended *1035 Answer, Tri-County admits it sent the November 11, 2016 letter and contends the "contents of [the] letter speak for themselves." ECF No. 41 at 5. At the hearing, Tri-County argued the letter should be incorporated as referenced in its Amended Answer. Id. For the reasons stated below, the Court finds the letter is not the type of document usually incorporated and analyzed by a court considering a Rule 12(b)(6) motion. Consequently, it will not consider Exhibit E as part of its Rule 12(b)(6) analysis.
The United States Supreme Court and the Eighth Circuit Court of Appeals have both recognized a court considering a Rule 12(b)(6) motion may analyze the complaint in its entirety, as well as documents and "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." United States ex rel. Ambrosecchia v. Paddock Labs., LLC , 855 F.3d 949, 954 (8th Cir. 2017) (quoting United States ex rel. Paulos v. Stryker Corp. , 762 F.3d 688, 696 (8th Cir. 2014) ); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd. , 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (holding a court considering a Rule 12(b)(6) motion for a § 10(b) action may examine the same documents a court ruling on a 12(b)(6) motion may ordinarily consider, "in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). Matters "outside the pleading," and therefore inaccessible, include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." Gibb v. Scott , 958 F.2d 814, 816 (8th Cir. 1992) (quoting 5C Charles Alan Wright, et al., Federal Practice and Procedure § 1366 ); see also Minn. Majority v. Mansky , 708 F.3d 1051, 1059 (8th Cir. 2013) (finding the district court considered "matters outside the pleadings" when it relied on facts not included in the complaint, including the specific language of a button in issue); McAuley v. Fed. Ins. , 500 F.3d 784, 787-88 (8th Cir. 2007) (finding a motion to dismiss was converted into a motion for summary judgment when the district court mentioned specific facts not discussed in the plaintiff's complaint); Hamm v. Rhone-Poulenc Rorer Pharm., Inc. , 187 F.3d 941, 948 (8th Cir. 1999) (materials that "[r]aise new facts not alleged in the pleadings," including those made during oral argument, constitute "matters outside the pleadings").
Materials "embraced by the complaint" include "documents whose contents are alleged in a complaint and whose authenticity no party questions," Ashanti v. City of Golden Valley , 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting Kushner v. Beverly Enters., Inc. , 317 F.3d 820, 831 (8th Cir. 2003) ); a contract that formed the basis of a complaint and which was attached to the defendant's motion to dismiss, Zean v. Fairview Health Servs. , 858 F.3d 520, 526-27 (8th Cir. 2017) ; and an agreement which was referenced directly or through inference in the plaintiff's complaint, Dittmer Props., L.P. v. Fed. Deposit Ins. Corp. , 708 F.3d 1011, 1020 (8th Cir. 2013) (noting "[t]here is no allegation that the [documents attached to the answer] were inaccurate or fabricated"). The letter attached as Exhibit E and referenced in Tri-County's Amended Answer is materially different than these other documents and is thus not incorporated in Tri-County's Amended Answer.
First, unlike a contract or agreement between the parties, Summers neither signed nor endorsed the letter or its contents. Rather, the letter merely stated Tri-County's position at the time, a position Summers disagrees with. Second, although Summers both attached and referenced the letter in its Complaint, the letter does *1036 not go to the heart of Summers's claim. Cf. Vahid v. Farmers Ins. Exch. , 985 F.Supp.2d 1002, 1007 (S.D. Iowa 2013) (incorporating an employment agreement when the plaintiff did not contest the inclusion of the agreement and the suit centered on whether the plaintiff was an employee). Finally, this letter substantiates, rather than merely reiterates, Tri-County's non-infringement claims and is thus a document traditionally considered outside the pleadings. The letter includes independent bases for non-infringement and additional facts apart from the statements made in Tri-County's Amended Answer. For instance, while the letter argues Tri-County's product is only sold for "aftermarket" and does not include a stationary blade, Tri-County's counterclaims do not contain any mention of the particular differences between its product and the Summers Basket. ECF No. 1-5 at 2; see McAuley , 500 F.3d at 787 (finding the district court considered matters outside the pleadings when it relied on additional medical issues not mentioned or alluded to in the complaint); Gorog v. Best Buy Co. , 760 F.3d 787, 791-92 (8th Cir. 2014) (noting the Award Agreement was embraced by the plaintiff's amended complaint because, among other things, the plaintiff quoted from the Agreement). For the same reason Tri-County may not look to Summers's Complaint to supplement its counterclaims, Tri-County may not rely upon factual statements contained in a separate document but wholly absent from its pleadings to survive a 12(b)(6) motion. Consequently, Exhibit E is not incorporated into Tri-County's Amended Answer.
3. Tri-County Has Not Sufficiently Pled Its Counterclaims of Non-Infringement
Based exclusively on the facts asserted in Tri-County's Amended Answer, the Court determines Tri-County has not sufficiently pled plausible counterclaims of non-infringement. Tri-County does not point to any specific facts illustrating how its product does not meet one or more of the limitations described in claim 1 of either patent and thus does not infringe on Summers's patents. Instead, Tri-County merely provides legal conclusions. For example, Tri-County asserts its product "does not contain one or more limitations" and "does not contain any part or component that has a particular use as part of some other machine or composition that infringes" Summers's patents. ECF No. 41 at 10-11. Tri-County also asserts its product does not infringe, either "directly or indirectly, literally or under the doctrine of equivalents." Id. at 11. These are conclusory statements without any factual support. Without additional factual details, Summers is unable to adequately respond to Tri-County's assertion it has not infringed "under the doctrine of equivalents," among other shortcomings.
Finally, other district courts have consistently held similarly broad claims and counterclaims insufficient under the plausibility pleading standard. See, e.g., PetEdge, Inc. v. Marketfleet Sourcing, Inc. , No. 16-12562-FDS, 2017 WL 2983086, at *3 (D. Mass. July 12, 2017) (dismissing a non-infringement counterclaim which "amounts to nothing more than a denial of infringement ... [where the counterclaimant alleges it] 'has not infringed any valid and enforceable claim of the '236 patent, either literally or under the doctrine of equivalents, willfully or otherwise,' without further support"); Comcast Cable Commn's, LLC v. OpenTV, Inc. , 319 F.R.D. 269, 273 (N.D. Cal. 2017) (dismissing a similarly stark non-infringement claim and noting "the amended complaint must go beyond only stating in conclusory terms that each accused product or service meets the elements of non-infringement and must also set forth factual allegations showing how each accused product or service specifically does not meet at least one claim limitation, such that it does not infringe the *1037 asserted patent"); Tannerite Sports, LLC v. Jerent Enters., LLC , No. 6:15-cv-00180-AA, 2016 WL 1737740, at *3 (D. Or. May 2, 2016) (dismissing a non-infringement counterclaim when the defendant only stated it had not infringed on the plaintiff's patent and failed to point to any specific facts in its incorporated "facts" section); Beer Barrel, LLC v. Deep Wood Brew Prods., LLC , No. 2:16-cv-00440-DN-BCW, 2016 WL 5936874, at *5 (D. Utah Oct. 12, 2016) ("The statement that 'our products do not infringe our competitor's products' does not identify any facts upon which non-infringement may be based. It is simply a conclusion."). Because Tri-County has not alleged sufficient, specific facts that, if taken as true, would make its non-infringement counterclaims plausible, the Court grants Summers's Motion to Dismiss Counterclaims I and II.
D. Counterclaims III and IV (Declaration of Invalidity)
1. Introduction
In its amended complaint, Tri-County asserts two counterclaims seeking a declaration from the Court that the '439 and '737 patents are invalid. ECF No. 41 at 12. In both counterclaims, Tri-County incorporates all of its previous statements and
requests the declaration of the Court that the '439 [and '737 ] Patent[s are] invalid because the specification and claims thereof fail to satisfy one or more of the provisions and/or requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112. The '439 [and '737 ] Patent[s are] invalid in view of at least European Patent EP 1639876, as well as the references cited in the '439 [and '737 ] Patent[s themselves], all of which are legal prior art to the [Patents].
Id. at 12.
In its Second Motion to Dismiss, Summers asserts both invalidity counterclaims are insufficient to state a claim upon which relief may be granted, and thus must be dismissed under Rule 12(b)(6). ECF No. 45-1 at 4. Summers argues because a patent may be invalid for a number of reasons under Title 35, a party must spell out why a specific patent is invalid in order to assert a sufficient invalidity claim, rather than merely cite to various sections of Title 35. Id. at 4-5. Furthermore, Summers asserts mentioning one prior art, the European Patent, is not a "fact" that makes an invalidity claim "plausible" under either § 102 (asserting invalidity for "anticipation") or § 103 (asserting invalidity for "obviousness"). Id. Finally, Summers argues Tri-County has not specified which subparts of § 112 Summers's patents have failed to satisfy. Id. at 6. Consequently, Summers requests Tri-County's invalidity counterclaims be dismissed.
Tri-County responds its pleadings are sufficient to put Summers on notice of the bases for its invalidity counterclaims. ECF No. 51 at 5. Tri-County points to its identification of the European Patent as prior art, as well as its previous discussions with Summers in which Tri-County specified it would be relying on the European Patent. Id. at 5-6. Tri-County also argues Summers's motion is moot because its concerns will be appropriately addressed through discovery and previously agreed-upon invalidity contentions. Id. at 7; see also Scheduling Order & Disc. Plan, ECF No. 46. Finally, Tri-County argues numerous district courts have upheld invalidity counterclaims when the counterclaim plaintiff referenced relevant statutory provisions and identified a piece of invalidating prior art. Id. at 5.
2. The Parties' Discovery Schedule Does Not Impact Tri-County's Pleading Requirements
The Court must first consider Tri-County's argument that Summers's *1038 motion relating to invalidity is redundant because of the previously agreed upon Scheduling Order and Discovery Plan. Tri-County asserts in light of the requirement Tri-County respond to Summers's detailed infringement allegations by November 24, 2017, any inadequacies with Tri-County's invalidity counterclaims are ultimately moot. Id. at 7 (citing ECF No. 46).[6] At the hearing, Summers responded the Scheduling Order should not be used to bolster Tri-County's invalidity counterclaims.
The Court determines Tri-County may not rely upon the Scheduling Order and Discovery Plan to supplement its pleadings. It is true some district courts have relied upon scheduling orders and invalidity contentions when considering a 12(b)(6) motion. See, e.g., Tannerite Sports , 2016 WL 1737740, at *9 (finding an invalidity counterclaim sufficiently pled in part because "defendant has provided to plaintiffs a lengthy list of invalidity contentions and analysis pursuant to the mutually agreed-upon Patent Local Rules of the U.S. District Court for the Northern District of California"); Helferich Patent Licensing, LLC v. J.C. Penney Corp. , No. 11 CV 9143, 2012 WL 3776892, at *2-3 (N.D. Ill. Aug. 28, 2012) (finding a conclusory invalidity counterclaim sufficient because it would be developed through the contentions and noting that requiring more factual information would "undermine the purposes of the Local Patent Rules").
These cases, however, are inapplicable. First, unlike the courts in Tannerite and Helferich , the Southern District of Iowa does not have any local patent rules regarding discovery or contentions. Therefore, requiring Tri-County to provide sufficient factual allegations in their pleadings would not "undermine" the purpose of any consistently-applied patent rules. Furthermore, even if this district had local patent rules, the Court notes it cannot alter federal pleading requirements based on those directions. See Smith v. Cleasby Mfg. Co. , No. 13-00103-CV-SJ-GAF, 2013 WL 12145972, at *7 (W.D. Mo. July 17, 2013) (noting a scheduling order merely "iterates the ongoing fact-enhancement process of litigation and discovery" and allowing a scheduling order to negate the requirement of providing "minimal factual contention[s]" in pleadings "would undermine Iqbal and Twombly , which this Court is bound to follow"); Tyco Fire Prods. LP v. Victaulic Co. , 777 F.Supp.2d 893, 904 (E.D. Pa. 2011) ("Using local patent rules to alter a defendant's pleading obligations, while perhaps practical given the very unique nature of federal patent litigation, offends the trans-substantive character of federal procedure.").
Tri-County's request is also distinguishable from Hand Held Products , a case recently decided by the District of South Carolina. Although the District of South Carolina did not have local patent rules, the Hand Held Products court denied the plaintiff's motion to dismiss the defendant's counterclaim when the plaintiff had already voluntarily entered into a discovery *1039 order requiring the defendant to list specific invalidity contentions. Hand Held Prods. , No. 17-167-RMG, 2017 WL 2537235, at *3 (D.S.C. June 9, 2017). However, unlike the moving party in that case, Summers only filed the joint scheduling order after it filed its Motion to Dismiss. Consequently, the court's condemnation in Hand Held Products that plaintiff's motion to dismiss was disingenuous and superfluous is inapplicable to Summers. See id. at *3-4 (noting the plaintiff moved to dismiss the infringement contentions after agreeing to the joint scheduling order and explaining, "given that Honeywell agreed to disclosure of Code's invalidity contentions in July, the Court struggles to imagine what purpose the motion to dismiss Code's invalidity counterclaim serves"). Thus, the Court will not rely upon the Scheduling Order and Discovery Plan when ruling on Summers's Motion to Dismiss Tri-County's invalidity counterclaims.
3. Tri-County is Not Required to Separately Allege Its Title 35 Claims
Summers asserts Tri-County's invalidity counterclaims should be dismissed because they do not separately allege violations of Title 35. ECF No. 45-1 at 4-5. Summers claims Tri-County should be required to separate its invalidity counterclaims by sections of Title 35, rather than just by patents, so that one counterclaim would correspond to 35 U.S.C. § 102 for the '439 patent, a second would correspond to 35 U.S.C. § 103 for the '439 patent, etc.
For the reasons stated below, the Court determines Tri-County is not required to separately allege its Title 35 claims. First, because the Court ultimately determines Tri-County's invalidity counterclaims are insufficient under Rule 8(a), Summers's contentions regarding the formulation of Tri-County's pleadings are moot. Furthermore, the only authority Summers cites for this proposition, Smith v. Cleasby Manufacturing. Co. , is inapplicable. 2013 WL 12145972. In Smith , the court determined under Twombly and Iqbal the defendant's invalidity counterclaim failed as it merely stated the plaintiff's patents were invalid under "on[e] or more provisions" of Title 35. Id. at *1, *7 (alteration in original). Although the court in Smith did note there were at least five ways for a patent to be invalidated, it did not dismiss the counterclaim based on the defendant's failure to separately format and allege each section of Title 35. Id. at *6-7. Rather, because the defendant "merely state[d] a legal conclusion with no supporting facts" as to why it believed the patent was invalid under the various sections of Title 35, the defendant failed to state a plausible claim of invalidity. Id. at *7. This formulation concern is also absent from cases reaching similar invalidity conclusions. See, e.g. , Gemcor II, LLC v. Electroimpact, Inc. , No. 11-CV-2520, 2012 WL 628199, at *1 (D. Kan. Feb. 27, 2012) (dismissing an invalidity counterclaim because, among other things, the counterclaim plaintiff failed to explain how Title 35 applied to each patent); Genetic Techs. Ltd. v. Interleukin Genetics, Inc. , No. 10-cv-69-bbc, 2010 WL 3362344, at *1 (W.D. Wis. Aug. 24, 2010) (dismissing an invalidity counterclaim because the counterclaim plaintiff did not "allege any facts that would suggest why the patent may be unenforceable"). Therefore, the Court determines Tri-County is not required to separately allege its invalidity counterclaims based on the individual sections of Title 35.
4. Tri-County Has Not Sufficiently Pled Its Invalidity Counterclaims
Based exclusively on the allegations contained in Tri-County's pleadings, Tri-County has not sufficiently pled its invalidity counterclaims. Consequently, the Court grants Summers's Motion to Dismiss *1040 Counterclaims III and IV brought under 35 U.S.C. §§ 102, 103, and 112.[7]
As to Tri-County's claim of invalidity under § 112, Tri-County's Amended Answer does not provide any facts upon which invalidity may be inferred. Section 112 provides at least three bases for invalidity: lack of a written description, indefiniteness, or failure to enable one of skill in the art to make or use the alleged inventions. See 35 U.S.C. § 112. Tri-County fails to identify which subsection of § 112 it believes Summers's patents fail to satisfy. See PetEdge , 2017 WL 2983086, at *4 (dismissing an invalidity counterclaim only citing to § 112 without providing any additional facts and explaining § 112 provides three different requirements). In cases where courts have held claims under § 112 sufficient to survive a motion to dismiss, the claims specified which aspect of § 112 the patent failed to meet. For instance, in CryoLife, Inc. v. C.R. Bard, Inc. , the plaintiff specifically pointed to the patent's alleged "lack of [a] written description." 2015 WL 1069397, at * 4 (D.Del. March 10, 2015). Similarly, in Tannerite Sports , the defendant's counterclaim withstood dismissal where it alleged the plaintiff's patent application contained an "insufficient description of the method of transporting plaintiffs' " rifle targets. 2016 WL 1737740, at *9. Based on Tri-County's counterclaims under § 112, however, Summers would be required to respond to all three possible allegations contained in § 112 without any indication from Tri-County as to what facts may support or undermine those claims.
Additionally, in its Resistance, Tri-County did not expand upon or explain the bases of its claims under § 112. See ECF No. 51. In fact, Tri-County failed to resist Summers's Motion to Dismiss as to § 112 in any way. At the hearing, Tri-County conceded it had not responded to or resisted Summers's motion as to § 112. Consequently, Tri-County's broad and unsupported § 112 counterclaims are insufficient to give Summers fair notice, and thereby fail to satisfy Twombly and Iqbal.
The Court will now turn to Tri-County's invalidity counterclaims under §§ 102 and 103. A patent is invalid under § 102 due to anticipation, meaning "each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." Verdegaal Bros. v. Union Oil Co. , 814 F.2d 628, 631 (Fed. Cir. 1987). In contrast, a patent is invalid under § 103 for obviousness, which is established "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. Unlike anticipation, a patent may be invalidated as obvious based on either a single patent, or in combination with other prior art. Velander v. Garner , 348 F.3d 1359, 1363 (Fed. Cir. 2003).
In its Amended Answer, Tri-County asserts Summers's patents are invalid for failing to satisfy one or more of the provisions detailed in §§ 102 and 103. Tri-County specifically points to the European Patent as invalidating prior art and contends, "in view of at least [the] European Patent [ ], as well as the references cited" in the patents themselves, both the '439 and '737 patents are invalid. ECF No. 41 at 12.[8] Tri-County contends this *1041 language is sufficient to place Summers on notice of both the basis for its invalidity counterclaims ( §§ 102 and 103 ) and facts supporting such assertions (the existence of the European Patent and combinations of prior art listed in Summers's patents). See ECF No. 51 at 6.
Tri-County has failed to assert sufficient facts demonstrating any elements of the European Patent can be found in any other element of Summers's patents, as required under § 102. Although Tri-County identifies the European Patent as invalidating prior art, Tri-County does not analyze or even describe the European Patent. Consequently, Summers has not been put on notice of a single limitation Tri-County contends the European Patent and Summers's patents share. Merely stating the patents are invalid "in view of at least [the] European Patent" is conclusory and devoid of any facts upon which the Court may infer the European Patent does, in fact, invalidate Summers's patents under § 102. ECF No. 41 at 12. Similarly, Tri-County has not stated any facts suggesting how the European Patent, either alone or in combination with other references, makes Summers's patents obvious to a person of ordinary skill in the art, as required under § 103. Without more, Summers cannot respond to the allegations that any of the referenced prior art renders its patents obvious. Because Tri-County's counterclaims are devoid of any specific fact comparing or analyzing either the European Patent or the prior art references they assert invalidate Summers's patents under §§ 102 and 103, Tri-County has failed to sufficiently state a claim under Twombly and Iqbal.
The Court recognizes other district courts considering this issue have found similarly broad invalidity claims to be sufficient under Twombly and Iqbal. See CryoLife , 2015 WL 1069397, at *4 (upholding an invalidity claim when the plaintiff "identifie[d] the specific statutory sections regarding invalidity ( §§ 102, 103, and/or 112 ) and provide[d] examples of invalidating prior art"); Beer Barrel , 2016 WL 5936874, at *6 (upholding an invalidity *1042 counterclaim when defendant listed prior art which invalidated the patents, since "[a] patent is invalid if its claims were previously covered by prior art").[9] However, at least one district court has looked for more detail in invalidity claims. See PetEdge , 2017 WL 2983086, at *4 (upholding an invalidity counterclaim when the defendant alleged the plaintiff's patent was invalid under 35 U.S.C. § 102 and 103, named an allegedly invalidating prior art, and also "further provide[d] a specification from the [invalidating patent] that appears substantially similar to a specification from the [plaintiff's] patent"). For the reasons stated above, the Court determines Tri-County has not satisfied the pleading requirements established by Twombly and Iqbal. Tri-County's invalidity counterclaims are therefore dismissed.
V. MOTION TO STRIKE SECOND AFFIRMATIVE DEFENSE
A. Introduction
In its Amended Answer, Tri-County asserts five affirmative defenses. ECF No. 41 at 7-8. In its second affirmative defense, Tri-County asserts:
[t]he claims of the '439 patent and '737 patent, including claim 1 of each patent (which are the only claims of which infringement is alleged) are invalid for failing to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112. Specifically, the '439 patent and '737 patent are invalid in view of at least European Patent EP 1639876, as well as the references cited in the '439 patent and '737 patent themselves, all of which are legal prior art to the '439 and '737 patents.
ECF No. 41 at 7.
Summers claims Tri-County's invalidity affirmative defense suffers from the same deficiencies as Tri-County's invalidity counterclaim and should thus be dismissed pursuant to Rule 12(f). See Fed. R. Civ. P. 12(f) (stating the Court, on its own or in response to a motion, "may strike from a pleading an insufficient defense"). Specifically, Summers argues 1) the pleading standard established in Twombly and Iqbal applies to both affirmative defenses as well as counterclaims; 2) the cases Tri-County cites holding otherwise are not patent cases and are therefore inapplicable; and 3) under the plausibility pleading standard, Tri-County's affirmative defense is insufficient because Tri-County relies on the same broad references to Title 35 and the European Patent as the invalidity counterclaims. ECF No. 45-1 at 7-8.
Although Tri-County concedes district courts are currently split on the applicable pleading standard for affirmative defenses, Tri-County argues the district courts in the Eighth Circuit have not applied the Twombly and Iqbal standard to affirmative defenses. See ECF No. 51 at 7. Tri-County asserts because it has "affirmatively stated" its invalidity defense, it has therefore met the applicable pleading standard. Id.
In light of the arguments both parties raise, the Court will first determine the applicable pleading standard for Tri-County's second affirmative defense. Following *1043 this, the Court will consider whether Tri-County has sufficiently pled its second affirmative defense.
B. Affirmative Defense Pleading Standard
As a threshold matter, the Court concludes non-patent cases concerning the appropriate pleading standard for affirmative defenses are relevant and applicable. First, patent cases consistently cite to non-patent cases when determining or describing the applicable pleading standard for affirmative defenses, thereby diminishing any argument that patent cases should be held to a different standard. See, e.g., PetEdge , 2017 WL 2983086, *4 ; Info. Planning & Mgmt. Serv. Inc. v. Dollar Gen. Corp. , No. 2:15cv206, 2016 WL 69902, at *2 (E.D. Va. Jan. 5, 2016) (reviewing non-patent cases in its discussion regarding the appropriate pleading standard); Tyco Fire Prods. , 777 F.Supp.2d at 899 (same). Second, there is nothing unique about patent cases that would make non-patent decisions inapplicable on this issue. For instance, Form 30, which has since been abrogated, applied to all affirmative defenses, not just affirmative defenses in patent cases. Finally, as the Federal Circuit has noted, "[i]n deciding issues not unique to our exclusive jurisdiction, we apply the law of the regional circuit in which the district court sits." Q-Pharma, Inc. v. Andrew Jergens Co. , 360 F.3d 1295, 1299 (Fed. Cir. 2004) ; see also Gen. Mills, Inc. v. Kraft Foods Glob., Inc. , 487 F.3d 1368, 1373 (Fed. Cir. 2007) (noting when it comes to purely procedural issues, such as whether to grant a Rule 12(b)(6) motion, the Federal Circuit will apply the law of the regional circuit). Determining whether an affirmative defense has been sufficiently pled is a purely procedural issue. Consequently, the Court will consider the application of relevant pleading standards in patent and non-patent cases alike.
Tri-County and Summers concede there is currently a split amongst district courts, both within and outside the Eighth Circuit, regarding whether the plausibility standard established in Twombly and Iqbal applies to affirmative defenses. See ECF No. 45-1 at 10; ECF No. 51 at 7. Compare Kehrer Bros. Const., Inc. v. Intercoastal Roofing Sols., LLC , No. 3:13-cv-00085-JAJ-CFB, 2014 WL 11514682, at *2-3 (S.D. Iowa June 2, 2014) (refusing to apply the Twombly and Iqbal standard to affirmative defenses), with Cope v. Let's Eat Out, Inc. , No. 6:16-cv-03050-SRB, 2017 WL 1425838, at *1 (W.D. Mo. Apr. 18, 2017) (applying the plausibility standard to affirmative defenses). Furthermore, no federal Court of Appeals has decided definitively whether Twombly and Iqbal apply to affirmative defenses.[10] Recently, however, district courts have noted a trend toward applying the less-stringent notice pleading standard to affirmative defenses. See Hand Held Prods. , 2017 WL 2537235 at *5 (observing the recent trend among district courts of finding the plausibility *1044 standard inapplicable to affirmative defenses); Cohen v. SunTrust Mortg., Inc. , 3:16-cv-02513-CMC, 2017 WL 1173581, at *3 (D.S.C. Mar. 30, 2017) (same). For the reasons stated below, the Court agrees with the analysis of fellow district courts in the Eighth Circuit and finds the plausibility standard inapplicable to affirmative defenses. Consequently, it will apply the notice pleading standard in its analysis of Summers's Motion to Strike.
The notice pleading standard is appropriate in analyzing affirmative defenses for several reasons. First, although the permissive language of Rule 12(f) provides courts with broad discretion regarding affirmative defenses, the Eighth Circuit views striking an affirmative defense as "an extreme measure." Stanbury Law Firms v Internal Revenue Serv. , 221 F.3d 1059, 1063 (8th Cir. 2000). Consequently, "[m]otions to strike under [ Rule] 12(f) are viewed with disfavor and are infrequently granted." Lunsford v. United States , 570 F.2d 221, 229 (8th Cir. 1977).
Second, the language relating to pleading requirements in Rule 8(a) -the Rule the United States Supreme Court analyzed in Twombly and Iqbal -is dissimilar to that in Rule 8(c) -which states the pleading requirements for affirmative defenses. Rule 8(a) requires a claimant provide "a short and plain statement of the claim showing that the pleader is entitled to relief"; Rule 8(c) simply states "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(a), (c) (emphasis added); see also Kehrer Bros. , 2014 WL 11514682, at *2 (noting this difference); Hayden v. United States , No. 4:12 CV 2030 DDN, 2013 WL 5291755, at *3 (N.D. Iowa Sept. 19, 2013) (same).
Third, as the court in Kehrer Brothers noted, applying the plausibility standard to affirmative defenses could lead to additional pretrial litigation. 2014 WL 11514682 at *3. In order to meet the more demanding pleading standard under Twombly and Iqbal , a responding party would initially plead fewer affirmative defenses. Id. However, following discovery, the responding party would then be required to amend its answer to re-assert newly revealed affirmative defenses, thereby extending pretrial litigation and delaying possible settlement. Id.
Finally, the reasoning underlying the plausibility standard is inapplicable to affirmative defenses. The purpose of the Twombly and Iqbal pleading standard is to provide the responding party with enough factual information so it may adequately deny or admit particular allegations. Topchian , 760 F.3d at 848. However, unlike claims or counterclaims, parties are not required to respond to affirmative defenses. Rather, affirmative defenses are pled in an effort to put the opposing party on notice of possible defenses likely to be developed during discovery, at which point the opposing party will have had enough time and information to analyze and, potentially, rebut them. See Fed. Deposit Ins. Corp. v. Dosland , 298 F.R.D. 388, 394 (N.D. Iowa 2013) ("[T]he appropriate procedure for clarification of the factual bases for affirmative defenses is discovery, and [ ] the appropriate procedure for challenging the factual sufficiency of affirmative defenses is ordinarily a motion for summary judgment."); Hayden , 2013 WL 5291755, at *3 (noting because the responding party is required to plead all affirmative defenses in its initial response, the opposing party can "learn through discovery the specific facts supporting the affirmative defense"). The Court therefore finds the notice pleading standard, rather than the plausibility pleading standard, is the appropriate standard for pleading affirmative defenses, although it recognizes other district courts have decided differently. See, e.g., *1045 Cope , 2017 WL 1425838, at *1 (applying the plausibility standard to affirmative defenses); Eaton Veterinary Pharm., Inc. v. Wedgewood Vill. Pharm., Inc. , No. 4:15-CV-687-SRB, 2016 WL 7200805, at *2 (W.D. Mo. Mar. 4, 2016) (same); Shaw v. Prudential Ins. Co. of Am. , No. 10-CV-3355-DGK, 2011 WL 5920912, at *3 (W.D. Mo. Nov. 28, 2011) (holding it "makes sense" to apply the plausibility standard based on the majority of district court decisions); Amerisure Ins. v. Thomas , No. 4:11CV642JCH, 2011 WL 3021205, at *2 (E.D. Mo. July 21, 2011) (applying the plausibility standard to affirmative defenses). The Court will next consider whether, under the notice pleading standard, Tri-County has sufficiently pled its invalidity affirmative defense. The Court concludes it has.
C. Tri-County Has Sufficiently Pled Its Second Affirmative Defense
Summers asserts because Tri-County's affirmative defense "parrots" its invalidity counterclaim, it must be dismissed for the same reasons. ECF No. 45-1 at 7. During the hearing, Summers directed the Court to the recent Quality Edge decision, in which the Federal Circuit affirmed the district court's dismissal of an affirmative defense as insufficient under the notice pleading standard. 709 Fed.Appx. at 1009. Summers argues Tri-County's affirmative defense is similarly insufficient. Tri-County responds because it has "affirmatively stated" its invalidity defense, it has fulfilled the notice pleading standard requirements. ECF No. 51 at 7. The Court agrees.
Tri-County has not only told Summers it intends to bring an invalidity affirmative defense, but has also cited specific sections of Title 35 and identified the European Patent as a basis for its contentions. See Semco, LLC v. Huntair, Inc. , No. 11-4026-CV-C-FJG, 2011 WL 3206873, at *2 (W.D. Mo. July 28, 2011) (finding defendant sufficiently pled an invalidity affirmative defense when it asserted, "[p]rior art to the '388 patent exists such that the differences between the prior art and the alleged invention of the '388 patent would have been obvious at the time of the alleged invention to a person of ordinary skill in the art. An example of such prior art is U.S. Patent No. 5, 758, 511"); Tyco Fire Prods. , 777 F.Supp.2d at 903 (holding an affirmative defense was sufficiently pled when it merely stated the plaintiff's patents were invalid as to particular sections under Title 35). Furthermore, while the Federal Circuit in Quality Edge affirmed the district court's dismissal of the defendant's invalidity affirmative defense, the court merely stated "we find no abuse of discretion in the district court's dismissal"; the defendant had been repeatedly warned its affirmative defense was insufficient but still failed to amend; and the affirmative defense was noticeably less detailed than Tri-County's challenged affirmative defense. 709 Fed.Appx. 1007-09. The affirmative defense in Quality Edge provided, "[t]he '224 Patent ... is invalid because it does not comply with the statutory requirements of patentability enumerated in, inter alia , 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132." Id. at 1007-08 (omission in original). In this case, however, Tri-County not only cites to the applicable statute and subsections, but also identifies particular prior art it believes will invalidate Summers's patents. Although this is insufficient factual information upon which Summers can form a responsive answer under Rule 8(a),[11] it is adequate to place Summers on notice of what Tri-County may eventually raise as an affirmative defense at trial, and the basis for that defense. Under Rule 8(c)
*1046 and the liberal notice pleading requirements, this is sufficient.
VI. TRI-COUNTY'S MOTION TO AMEND
In Tri-County's Resistance to Summers's Motion to Dismiss, Tri-County requested leave to file a Second Amended Answer in the event the Court determines its first Amended Answer was insufficient. ECF No. 51 at 8-9. At the hearing, Summers objected to Tri-County's request.
The Court will defer ruling on Tri-County's motion for leave to file a Second Amended Answer pursuant to Federal Rule of Civil Procedure 15(a)(2). Tri-County's motion in its responsive pleading did not explain the changes it sought to include in its Second Amended Answer, and Tri-County did not attach any proposed amendment. Tri-County has therefore failed to satisfy Local Rule 15, which requires a moving party to "describe in the motion the changes sought" in the amendment, as well as "electronically attach to the motion and file under the same docket entry the proposed amended or supplemented pleading." The Court grants Tri-County ten business days from the date of this Order to file a motion for leave to amend which is fully compliant with both Local Rule 15 and Rule 15(a).
VII. CONCLUSION
The Court therefore grants Summers's Second Motion to Dismiss Counterclaims I, II, III, and IV. Tri-County has not sufficiently pled facts to place Summers on notice as to the bases for its non-infringement or invalidity counterclaims. The Court denies Summers's Motion to Strike Tri-County's Second Affirmative Defense. Tri-County has sufficiently pled its invalidity affirmative defense. Finally, the Court will grant Tri-County ten business days from the date of this Order to file a motion for leave to amend that is fully compliant with both Rule 15(a) and Local Rule 15.
IT IS SO ORDERED that Plaintiff's Second Motion to Dismiss & Strike, ECF No. 45, is GRANTED in part and DENIED in part.

Per Federal Rule of Civil Procedure 10(b), Tri-County's Amended Answer separated its counterclaims as they applied to the patents individually. See ECF No. 41 at 10-11 (listing Counterclaim I as a request for declaration of non-infringement as to the '439 patent and Counterclaim II as a request for declaration of non-infringement as to the '727 patent); id. at 12 (listing Counterclaim III as a request for declaration of invalidity as to the '439 patent and Counterclaim IV as a request for declaration of invalidity as to the '737 patent ). Because Counterclaim I and II request the same substantive non-infringement declaration for the two patents, and Counterclaims III and IV request the same substantive invalidity declaration for the two patents, the Court will refer to these counterclaims collectively as the non-infringement counterclaims and the invalidity counterclaims.

At the hearing, Tri-County affirmed it does not resist Summers's Motion to Dismiss Tri-County's counterclaims as they relate to 35 U.S.C. § 101.

Even if the parties did not agree about this issue, following the abrogation of Federal Rule of Civil Procedure 84 and Form 18, the Court notes it would follow the growing number of district courts across the country applying the Twombly and Iqbal standard to claims and counterclaims of infringement, invalidity, and non-infringement. See, e.g., Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc. , No. 12-1461-LPS-CJB, 2017 WL 239326, at *5 n.12 (D. Del. Jan. 1, 2017) (applying the plausibility standard to the defendant's non-infringement counterclaim and noting even before the abrogation, "a declaratory [judgment] of no indirect infringement was required to meet the more stringent requirements of Rule 8 and Twombly / Iqbal "); Beer Barrel, LLC v. Deep Wood Brew Prods., LLC , No. 2:16-cv-00440-DN-BCW, 2016 WL 5936874, at *3 (D. Utah Oct. 12, 2016) (holding the Twombly and Iqbal standard applies to the plaintiff's non-infringement and invalidity counterclaims); RAH Color Techs., LLC v. Ricoh USA, Inc. , 194 F.Supp.3d 346, 350 (E.D. Pa. 2016) (applying the Twombly and Iqbal standard to the defendant's invalidity counterclaim); Tannerite Sports, LLC v. Jerent Enters., LLC , No. 6:15-cv-00180-AA, 2016 WL 1737740, at *3 (D. Or. May 2, 2016) (applying the plausibility standard to the defendant's invalidity and non-infringement counterclaims); but see Hologram U.S.A., Inc. v. Pulse Evolution Corp. , No. 2:14-cv-0722, 2016 WL 199417, at *2 n.1 (D. Nev. Jan. 15, 2016) (finding the Form 18 pleading standard still applied to direct infringement claims and citing to the Advisory Committee Note attached to the amendment, which states "[t]he abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8").

Tri-County only admits four facts alleged by Summers: 1) Tri-County Iron, LLC retrofitted the Tri-County Scraper Kit into a John Deere rolling basket for promotional purposes; 2) Tri-County Iron, LLC "provided instructions to customers on how to install the [Tri-County Scraper Kit]"; 3) Tri-County received the November 7, 2016 letter from Summers's counsel; and 4) Tri-County sent the November 11, 2016 letter to Summers. ECF No. 41 at 3, 5.

Tri-County points to Vahid v. Farmers Insurance for the proposition that the Court must read a pleading as a whole. ECF No. 51 at 5. However, Vahid is inapplicable, as it involved the court reading one pleading as a whole-a complaint and an attached contract-rather than reading one claim and one counterclaim as a whole, as Tri-County requests. See Vahid v. Farmers Ins. Exch. , 985 F.Supp.2d 1002, 1007 (S.D. Iowa 2013).

In that pleading Tri-County will specifically be required to identify: 1) those characteristics in Summers's claim chart which Tri-County admits are present in the Mud Scraper; 2) those characteristics in Summers's claim chart which Tri-County contends are absent from the Mud Scraper, and Tri-County's contentions under the doctrine of equivalents; 3) "any grounds for asserting invalidity for any of the asserted claims of the patents[ ], including a list of all prior art on which [Tri-County] relies;" and 4) "on a claim-by-claim and element-by-element basis, how that prior art is asserted to invalidate the asserted claims of the patents[ ], specifying the particular portions of the prior art which are asserted to contain the invaliding disclosure." Addendum Scheduling Order & Disc. Plan 2, ECF No. 46-1; see also Order Adopting Proposed Scheduling Order & Disc. Plan, ECF No. 53.

As noted above, Tri-County does not contest dismissal of its invalidity counterclaims brought under 35 U.S.C. § 101. ECF No. 51 at 6 n.3.

In Tri-County's Resistance, Tri-County also points to the May 11, 2017 letter it sent to Summers regarding the European Patent and which was attached as its Exhibit 1 as evidence placing Summers on notice of the facts supporting Tri-County's invalidity counterclaims. ECF No. 51 at 2 n.2, 5 (citing Defs.' Ex. 1, ECF No. 51-1). The letter details various alleged similarities between the European Patent and Summers's product. ECF No. 51-1. During the hearing, Tri-County argued the Court should consider Exhibit 1 in its 12(b)(6) analysis. The Court declines Tri-County's request. Exhibit 1 was not attached to Tri-County's Amended Answer, but rather a Resistance to Summers's Motion to Dismiss. Although the letter was sent before Tri-County filed its Amended Answer, the Amended Answer makes no reference to the letter or its contents but rather merely states the European Patent renders Summers's patents invalid. See ECF No. 41. Additionally, Tri-County asserts in its Resistance the letter indicates Summers is aware of the specific facts supporting Tri-County's invalidity counterclaim. However, Tri-County's Amended Answer does not allege this. Tri-County does not assert Summers received the letter or was made aware of Tri-County's specific contentions; only the Resistance raises this issue and argument. Furthermore, the letter provides specific facts not alleged in Tri-County's Amended Answer, such as Tri-County's assertion the European Patent "features multiple rolling baskets, each having a stationary internal scraper plate that extends between the opposite sides of the basket." ECF No. 51-1 at 2. Although Tri-County claims the European Patent invalidates Summers's patents, the Amended Answer does not reference any specific aspects of the European Patent also present in the Summers Basket. See McAuley , 500 F.3d at 787 (finding a motion to dismiss was converted to a motion for summary judgment when the district court made findings not discussed in the plaintiff's complaint). Finally, similar to Exhibit E, unlike a contract or previous agreement between the parties, Summers did not sign Exhibit 1 and the letter merely states Tri-County's position at the time the letter was sent, which Summers disagrees with. Consequently, the Court will not consider Exhibit 1 in its determination of Summers's Motion to Dismiss Counterclaims III and IV.

The other cases Tri-County cites to in its Resistance are inapplicable as they all originate from districts with local patents rules requiring parties provide each other with detailed invalidity contentions. ECF No. 51 at 6 (citing Helferich , 2012 WL 3776892, at *2-3 ; Maxlinear, Inc. v. Silicon Labs., Inc. , No. 12-CV-1161-H, 2012 WL 12878677, at *3 (S.D. Cal. July 30, 2012) ; Teirstein v. AGA Med. Corp. , No. 6:08-cv-14, 2009 WL 704138, at *5 (E.D. Tex. March 16, 2009) ). As discussed in Section IV.D.2, supra , districts with local patent rules often uphold otherwise insufficient pleadings with the understanding they will be supplemented following the disclosure of invalidity contentions.

During the hearing, Summers directed the Court to a recent decision by the United States Court of Appeals for the Federal Circuit, Quality Edge, Inc. v. Rollex Corp. , 709 Fed.Appx. 1000 (Fed. Cir. 2017). The trial court in Quality Edge determined while Twombly and Iqbal applied to the defendant's counterclaims, the notice pleading requirement was appropriate for its affirmative defenses. Id. at 1007-08. Although the Federal Circuit affirmed the trial court's dismissal of the defendant's invalidity affirmative defense, the court specifically did not reach the issue of whether the district court's decision regarding the notice pleading standard was correct. Id. at 1007-08, n.2 ("Rollex does not contest the district court's ruling regarding the pleading requirements for its invalidity counterclaim or defenses, and therefore we need not reach this aspect of the district court's decision."). Consequently, the Court will continue to look to the analysis provided by district courts on this issue.

See supra Section IV.D.4.